**UNION JOINT STOCK LAND BANK OF DETROIT v HURFORD et**

Ohio Appeals, 7th Dist, Trumbull Co

Decided Sept 13, 1935

Paul E. Kightlinger, Warren, for plaintiff in error.

George W. Secrest, Prosecuting Attorney, Warren, and Paul Z. Hodge, Warren,. for defendant in error.

SHERICK, J, (5th Dist) sitting by designation.

**OPINION**

By NICHOLS, J.

Plaintiff in error became the owner of a first lien mortgage upon a two hundred acre farm, situated in Trumbull County, Ohio, to secure payment of a $3500 loan, and the mortgage was recorded December 21, 1925, in the office of the Trumbull County Recorder.

On June 30, 1930, the Board of Commissioners of Trumbull County, Ohio, under authority of §6862 et seq, GC, undertook proceedings to secure a new right of way for a portion of State Highway (I. C. H.), 330, Section D, and after notice to, and agreement with, the owner of fee title, the commissioners paid such owner $2800 as compensation and damages and thereupon took possession of and improved, for highway purposes, 69/100 acres of the mortgaged premises (being a strip 60 feet wide and 513 feet long). The old road through the premises was not vacated, but continues in use to serve certain abutting owners, leaving a two-acre parcel which is claimed to be isolated and useless for farm purposes between the two roads.

The mortgage lien holder was not made a party to the appropriation proceedings, and, so far as the record discloses, no notice thereof was had by the mortgagee until the time of filing its amended petition in the court below. The mortgage debt was in default, with approximately $3200 owing thereon at the time the commissioners settled with the owner of the fee title.

The mortgagee instituted its action in the Common Pleas Court of Trumbull County, Ohio, for personal judgment on the note secured by the mortgagee, for foreclosure of the mortgage and equitable relief, naming the Commissioners of Trumbull County defendants to the amended petition, and alleging that the Board of County Commissioners appears to have some interest in the premises described in the amended petition, by reason of the use of a portion of the property as a public road; their use and right therein, or thereon, being subordinate and junior to this plaintiff's lien thereon. The amended pe-

tition prays for personal judgment against the maker of the note and another claimed to be liable thereon, and prays that the mortgage of plaintiff be adjudged the first and best lien on the premises described in the amended petition, and that, upon default in the payment of the amount found due the plaintiff, the premises be sold according to law, and out of the proceeds the amount found due plaintiff, after the payment of costs and taxes, be paid to it.

The further prayer of the amended petition is that all of the defendants named therein be required to make answer to this amended petition, setting forth what interest, if any, they have in the subject matter thereof, or be forever barred. No answer was filed by the Board of County Commissioners to this amended petition, although in the journal entry of the court, as shown under date of August 5, 1933, it is stated that the cause came on for hearing on the petition and amended petition of plaintiff, the answer of the Board of County Commissioners of Trumbull County, Ohio, and the evidence. As shown in the journal entry, the court found all of the defendants had been duly and legally served with summons, or had entered their appearance in the action and were in default for answer or demurrer, and that the allegations of the pleadings are thereby confessed by them to be true: "and the defendant, The Board of Commissioners of Trumbull County have appeared and filed answer."

The court found that there is due to the plaintiff the sum of $3275.42 as of April 27, 1933, with interest on such amount from that date, being the amount due upon the note set forth in the amended petition, and for which amount personal judgment was rendered in favor of the plaintiff and against the defendants, George L. Hurford and John A. Klenner. The court further found that the mortgage set up in the amended petition had been duly executed to secure the payment of the note, and that the mortgage had been duly filed for record in the office of the Recorder of Trumbull County, on the 21st day of December, 1925, and duly recorded therein, and that such mortgage is the first and best lien against the real estate described in plaintiff's petition, except the lien for taxes and costs.

The court found that the conditions of the mortgage have been broken, and that the same has become absolute; that the plaintiff is entitled to have the mortgage foreclosed and the real estate sold for the purpose of paying the indebtedness, "except

the right of way of the Commissioners of Trumbull County, hereinafter referred to." The mortgaged premises were ordered sold, "except the right of way claimed by the Board of Commissioners of Trumbull County, Ohio."

The entry of the court further states, as follows: "The court hereby reserves for further consideration the issues raised by plaintiff's petition and the answer of the defendant, The Board of Commissioners of Trumbull County, Ohio."

The mortgaged premises were duly appraised and sold by the sheriff, the mortgagee purchasing the same at the sum of $3,000, being two-thirds of the appraised value thereof. The sale was confirmed by the court, the costs, in the amount of $80.21, were first ordered paid out of the proceeds of the sale, and the court finding that no taxes were due upon the premises, and that the first mortgagee was the purchaser of the premises, it was ordered that the sum of $2919.79 apply upon plaintiff's judgment, "and there remaining due on said judgment an unsatisfied balance of $435.60 it is ordered that plaintiff recover said sum with interest at 6 per cent thereon from September 26, 1933, from the defendants, George L. Hurford and John A. Klenner, and execution is awarded therefor."

The record further shows that executions for the unsatisfied balance of $435.60 of such judgment were issued and returned "unsatisfied for want of property whereon to levy," and it further appears that the judgment debtors have no property from which the unpaid balance can be made.

The court having reserved for further consideration the issues presented and raised by plaintiff's petition and the answer of the Board of Commissioners of Trumbull County, Ohio, there having been excepted from the property sold under foreclosure the right of way of the Commissioners of Trumbull County, there was filed in the court by plaintiff, Union Joint Stock Land Bank, an application for further hearing and leave to introduce evidence or testimony "as to the amount of damage suffered by it by the reason of the failure of the Board of County Commissioners to join plaintiff as a party to the appropriation proceedings, or to see to a proper application of the compensation and damage which was paid to the owner of fee title; and plaintiff prays the court that the damage so suffered by it shall be found to be the sum of $435.61, with interest at 6 per cent thereon from September 26, 1933." A stipulation of facts hav-

ing been filed in the case, the cause came on further to be heard June 1, 1935, "upon the pleadings and particularly the allegation of plaintiff's petition which states: 'The defendant, The Board of County Commissioners of Trumbull County, Ohio, appears to have some interest in the premises described herein by reason of the use of a portion of the property herein described as a public road; their said use and right thereon being subordinatae and junior to this plaintiff's lien thereon'; the stipulation of facts, the briefs and arguments of counsel and the cause was submitted to the court without the intervention of a jury, upon consideration whereof the court finds on the issues joined in favor of the plaintiff."

The court further found that the Board of Commissioners of Trumbull County, on or about June 30, 1930, undertook proceedings to appropriate a part of the mortgaged property for the purpose of straightening a highway under the provisions of §6862 et seq., GC, and by way of compensation and damage did pay unto John A. Klenner, the owner of fee title, the sum of $2800, and that the board thereupon took possession of such strip of land for a road; "and the court further finds that the plaintiff herein, owner of a good and valid first mortgage lien was not made a party to the appropriation proceedings and had no notice thereof." The court further found that the Board of County Commissioners had no right under power of eminent domain to destroy the plaintiff's mortgage lien upon such premises without compensating the plaintiff therefor, and the cause was continued for further hearing to determine the amount of damage so suffered by the plaintiff. As appears by journal entry of the court under the same date, June 1, 1935. the cause came on further to be heard upon the application for a determination of a measure of compensation and damage which plaintiff shall be entitled to recover from the Board of County Commissioners of Trumbull County, Ohio, "the liability for which has heretofore been determined by this court"; and the matter was submitted to the court upon the pleadings, stipulations, evidence, exhibits and arguments of counsel, and without the intervention of a jury, "trial by jury being by the parties expressly waived," the court further found that Union Joint Stock Land Bank, "being the owner and holder of a real estate mortgage lien on the premises involved in this proceeding, having filed its mortgage deed of record in the office of the Recorder of Trumbull County, Ohio,

was entitled to receive from the Board of County Commissioners of Trumbull County notice of the intention of said board to pay compensation and damages to John A. Klenner, the owner of fee title; that by reason of failure to give such notice to plaintiff, or to give other suitable recognition to the plaintiff's mortgage interest in said premises the defendant John A. Klenner, was permitted to collect the entire amount of compensation and damage and divert a substantial portion thereof to his own uses and purposes instead of applying the entire amount of $2800 in the reconditioning of the building structures which were moved to make way for the replacement of State Highway Section 330-D. The court further finds that owing to the failure and neglect of the Board of County Commissioners to see to a proper application of said compensation and damage awards, the residence structure upon said premises was left in an incomplete, damaged and depreciated condition following removal, and that the plaintiff's said mortgage security was thereby impaired."

The court thereupon found that "the amount of damage suffered by plaintiff, Union Joint Stock Land Bank of Detroit, by reason of the fault and neglect of the Board of County Commissioners, is $100," and judgment was rendered against the commissioners, and in favor of the bank in the amount of $100, together with costs.

This cause comes into this court on error. Upon oral argument in this court we are asked to determine the following propositions of law:

1. Is a mortgagee of premises entitled to notice, under the provisions of §6870, GC, in a proceeding wherein the County Commissioners have changed the right of way of a certain highway running through the mortgaged premises, and where a portion of the mortgaged premises has been used for such additional right of way, and where there has been no vacation of the old roadway?

2. Is the finding of the trial court, wherein $100 damage was awarded to Union Joint Stock Land Bank against the Board of Commissioners of Trumbull County, a proper finding under the law?

3. We are asked to determine the proper procedure in a situation where in the County Commissioners have instituted proceedings under §6870 et seq., GC, to appropriate land for road purposes where such land is encumbered by a duly recorded mortgage lien.

Taking up these propositions in the order above set forth we find that, by §6860,

GC, the County Commissioners have power to locate, establish, alter, widen, straighten, vacate, or change the direction of roads in the county.

Secs 6861, 6862, 6864, 6865, 6866, 6867, 6868, and 6869 GC provide the preliminary steps to be taken by the County Commissioners in determining whether or not to proceed with an improvement of the character mentioned in §6860, GC.

Sec 6870 GC provides as follows:

"If the commissioners at their final hearing on said improvement order the same established, they shall fix a date for hearing claims for compensation and damages, and they shall forthwith cause notice in writing of the time and place of such hearing to be given to the owner or owners through or upon whose lands said improvement is to be established or located. Such notice shall be served * * *."

It will be noted that this section requires notice to be given only to "the owner or owners through or upon whose lands said improvement is to be established or located."

Is a mortgagee, holding a valid and duly recorded mortgage lien upon the premises through or upon which the improvement is to be established or located, an "owner", in contemplation of this statute, upon whom notice must be served? The Common Pleas Court held that such mortgagee was an "owner" upon whom notice should have been served by the County Commissioners. It is admitted that no such ▮▮▮▮ ▮ notice was given or had by Union Joint Stock Land Bank. We find and hold that §6870, GC, does not require notice to the mortgagee in this case.

We quote from Kerr v Lydecker, Admr., 51 Oh St, 240, at page 248, 37 NE, 267, 23 L.R.A., 842:

"A mortgage of real estate is regarded, in equity, as a mere security for the performance of its condition of defeasance, and where that condition is the payment of a debt, the security is regarded as an incident of the debt. Swarts v Leist, 13 Oh St, 419.

"The mortgage being, in equity, regarded as a mere security for the debt, the legal title to the mortgaged premises remains in the mortgagor, as against all the world, except the mortgagee and also as against him until condition broken but after condition broken the legal title as between mortgagor and mortgagee is vested in the mortgagee. Allen v Everly, 24 Oh St, 97; Ely v McGuire, 2 Ohio, 223; Hibbs v Insurance Co., 40 Oh St, 543, 559; Martin v Alter, 42 Oh St, 94."

The condition of the mortgage held by Union Joint Stock Land Bank had been broken and, as between the mortgagor and mortgagee, the legal title thereby became vested in the mortgagee, but as to all the world, except the mortgagee, the legal title to the mortgaged premises remained in the mortgagor, who was the "owner" upon whom notice was required to be served, under the provisions of §6870, GC.

2. Is the finding of the trial court, wherein $100 damage was awarded to Union Joint Stock Land Bank against the Board of Commissioners of Trumbull County, a proper finding under the law?

In its finding the lower court bases its action upon fault and neglect of the commissioners to give notice to the mortgagee of the time fixed for filing claims for compensation and damages. As stated above, we find no such notice was required. What then was the right of the mortgagee under the circumstances in this case?

"The holder of a recorded mortgage is not affected by a proceeding to appropriate the land mortgaged unless he is a party to the proceedings, and the proceedings are in due course of law." 27 Ohio Jurisprudence, 495, §259.

"A mortgagee is entitled to receive the amount of the mortgage from the amount paid into court, at least where the condition of the mortgage was broken before the commencement of the appropriation proceeding." 15 Ohio Jurisprudence, 873, §178.

We quote from the syllabus in City of Cincinnati v Fogarty, 14 O.N.P. (N.S.), 599:

"5. After the state by this power has acquired property, the money paid is a fund subject to all the rights of all the parties, just the same as if the state had never intervened.

"6. Courts will not permit a law general in its nature to deprive one of any of his rights, legal, equitable, or statute, unless such general law expressly says so."

In the opinion the court says:

"When the state obtained, by its power of eminent domain, the real estate there was no change in the relations of the parties. * * * they are still mortgagor and mortgagee.

"The state has taken the land for a

public purpose, and the money paid is a fund to be dealt with here * * * just the same as if it were the real estate.

"* * * The state can by no general law deprive any one either of his common law right or his equitable right, or his existing statute right, unless it distinctly says so, and not always then. What Homberg could have accomplished by ejectment may now here be accomplished by setting up his lien against the fund, which is here in place of the real estate. Hence, Homberg is entitled to the fund to the extent of satisfying his lien."

We think the court, in Cincinnati v Fogarty, supra, has correctly stated the proposition of law applicable in the instant case.

In the instant case the mortgaged premises, other than the part taken by the commissioners for the highway in question, were sold under the order of the Common Pleas Court, the purchaser paying therefor the sum of $3,000. It is not material that the premises were bid in by the mortgagee at the sale thereof made by the sheriff. The mortgagee had the election to bid the same in, or to let the premises remain unsold for want of bidder, and eventually have a new appraisement and sale thereunder.

It is conceded in this case that the amount of the deficiency judgment rendered by the Common Pleas Court in favor of Union Joint Stock Land Bank was the correct amount due to the bank after applying the proceeds of the sale of the mortgaged premises, other than the strip appropriated by the commissioners for road purposes. Having hereinbefore found that the fund arising as compensation and damages for the land appropriated by the commissioners takes the place of the land itself, it is apparent that, out of the sum of $2800 determined by the County Commissioners as the value of the land taken and damages to the residue of the mortgaged premises, there should be paid to Union Joint Stock Land Bank sufficient to make up the deficiency as found by the Common Pleas Court, to-wit, $435.60, with interest at 6 per cent thereon from September 26, 1933.

We do not deem it proper to lay down a general rule applicable, in all cases, to situations wherein property has been taken for public use without notice to the holder of a valid mortgage lien thereon, and desire to make it plain that this proceeding is decided upon the facts and the law applicable thereto, as we conceive the law to be. We deem it pertinent to observe that when one takes security by way of mortgage as security for a debt, the mortgagee takes the same with knowledge of the right of the governmental authoriteis to appropriate the property to public use.

We find and hold that the Common Pleas Court erred in fixing the damages due from the Commissioners of Trumbull County to Union Joint Stock Land Bank at the sum of $100, and in finding that notice was required to be given to the mortgagee, Union Joint Stock Land Bank, of the proceedings to appropriate a part of the premises covered by its mortgage.

We find and hold that Union Joint Stock Land Bank of Detroit has a valid and subsisting first lien upon the fund arising from the appropriation, by the Commissioners of Trumbull County, for road purposes, of a part of the premises described in the mortgage of the Union Joint Stock Land Bank, to the extent of $435.60, with interest from September 26, 1933, and coming now to render the judgment which should have been rendered by the Common Pleas Court, the judgment is modified in amount so that such judgment be in favor of the Union Joint Stock Land Bank of Detroit and against the Board of County Commissioners of Trumbull County in the sum of $435.60, with interest at the rate of 6 per cent from September 26, 1933, and this cause is remanded to said Common Pleas Court to carry into effect the said judgment as modified herein.

Judgment modified and cause remanded.

ROBERTS and SHERICK, JJ, concur.