THE STATE, EX REL. GATEWAY REALTY CO., APPELLANT, *v.* KIEFABER ET AL., BOARD OF COUNTY COMMISSIONERS OF MONTGOMERY COUNTY, APPELLEES.

(No. 2563—Decided February 17, 1960.)

*Messrs. Pickrel, Schaeffer & Ebeling* and *Mr. James F. Barnhart*, for appellant.

*Mr. Mathias H. Heck*, prosecuting attorney, and *Mr. William L. Falknor*, for appellees.

KERNS, J. This is an appeal on questions of law from the Common Pleas Court of Montgomery County, Ohio.

The facts are not disputed. In 1955, the Gateway Realty Company, appellant herein, leased certain real estate from Lawson Jaffe for a period of ninety nine (99) years. In 1958, the Commissioners of Montgomery County, appellees herein, passed a resolution proposing the relocation of a road over the leased premises. The appellees caused notice of the proposed improvement to be served upon Lawson Jaffe, but have failed and refused to serve notice upon the Gateway Realty Company. The appellant therefore filed a petition praying for a writ of mandamus to compel the service of notice. The appellees responded to the petition with a demurrer. Thereafter, the trial court sustained the demurrer and dismissed the action. From that judgment, an appeal has been perfected to this court.

The sole issue presented to this court for determination is whether the appellant, by virtue of a duly recorded ninety nine (99) year lease, is an "owner" within the contemplation of Section 5553.11, Revised Code, which reads in part as follows:

"If the board of county commissioners, at its final hearing on the proposed improvement, orders the improvement established, it shall fix a date for hearing claims for compensation and damages. Such board shall forthwith give notice in writing of the time and place of such hearing to the owners through or upon whose lands said improvement is to be established or located."

The word, "owner," is apparently an elastic term which imparts a variety of meanings depending upon its use. For this reason, legal definitions of the term are almost as diverse as they are plentiful. See 30 Words and Phrases, 604. However, courts have with some consistency given a broad meaning to the term as employed in statutes similar to Section 5553.11, Revised Code. The following rule, as set forth in 18 American Jurisprudence, 964, Section 321, is often repeated:

"The term 'owner,' when employed in statutes relating to eminent domain to designate the persons who are to be made parties to the proceeding, refers, as is the rule in respect of those entitled to compensation, to all those who have any lawful interest in the property to be condemned."

This rule seems consonant with reason in view of the purpose to be accomplished by the notice required by Section 5553.11, Revised Code, which is to afford an opportunity to the owners to present an application for compensation and damages resulting from the proposed improvement. (Section 5553.12, Revised Code.) And, as stated further in Section 5553.12, Revised Code, "any failure to make such application is a waiver of all rights thereto by every person interested therein except minors or other persons under disability." Surely, interested persons who were not favored with notice cannot be said to have waived any rights. As is often the case, the property rights of the person holding legal title may be negligible as compared with the rights of others to the same parcel of property. In fact, it is not inconceivable that a person holding legal title would have no interest whatsoever in the appropriation proceeding. Suppose, for example, that the security of the vendor under a land contract is not appreciably jeopardized by the relocation of a road. Is not the vendee the real party in interest and entitled to notice? Or suppose that the parcel being appropriated for public use is encumbered beyond its worth. May the nominal owner of such property be held to represent all other interests therein? It seems doubtful that the General Assembly so intended.

The case principally relied upon by the appellees is that of *Union Joint Stock Land Bank of Detroit* v. *Hurford*, 53 Ohio App., 116, decided September 13, 1935. In that proceeding the Board of Commissioners of Trumbull County appropriated a right of way under the statutes now under consideration and paid the record owner $2,800 therefor. No notice was given to a mortgagee. The proceeds of a subsequent sale in foreclosure failed to satisfy the mortgage, and the mortgagor had diverted the $2,800 to his own use. The mortgagee therefore proceeded against the county commissioners for the deficiency on the theory that the appropriation proceeding impaired the security of its mortgage. The court, though holding that notice was not required to be given to the mortgagee, proceeded to render judgment in favor of the mortgagee against the county commissioners for the amount of the deficiency. It is interesting to

note that that case would probably never have arisen had notice issued to the mortgagee at the time of the appropriation proceeding.

In the case of *In Matter of Reconstruction of Highway*, 65 Ohio App., 149, decided in 1940, the Court of Appeals for Hamilton County held that, under a statute requiring the "owner or owners" to be notified of proceedings of county commissioners to appropriate property for highway purposes, all persons owning any vested title in the realty to be appropriated, including a mortgagee and lessee, are necessary parties to the appropriation proceedings, since the word, "owner," is not limited to the holder of the ultimate fee simple title.

An appropriation proceeding is essentially one in rem and the award made by the appropriating authority replaces the land regardless of the separate interests and estates therein. With this in mind, on what reasonable basis can the owner of the fee compromise and settle with the appropriating authority as to the total amount of the award? By what authority may he represent interests which are often adverse to his own? For example, in this case, the amounts due the lessor and lessee from the total award are not fixed. Where there is an outstanding lease, the owner of the fee cannot convey the entire estate but he can convey the interest he owns. The same may be said of the lessee. However, both are owners and thus come within the scope of Section 5553.11, Revised Code. Accordingly, the appellant's interest cannot be foreclosed without notice and an opportunity to be heard.

Adverting then to the specific factual pattern before us, we hold that a lessee, under a duly recorded ninety nine (99) year lease, is an owner within the contemplation of Section 5553.11, Revised Code.

The judgment will be reversed and the cause remanded to the Common Pleas Court for such proceedings as may be required by law.

*Judgment reversed.*

WISEMAN, P. J., and CRAWFORD, J., concur.