## A. W. DUCKETT & COMPANY, INC. *v.* UNITED STATES.

### APPEAL FROM THE COURT OF CLAIMS.

No. 108.   Argued October 23, 24, 1924.—Decided November 17, 1924.

Possession of terminal property, including a pier on which the claimant had a lease from the owner, was requisitioned and taken by the President temporarily for war purposes (Act of August 29, 1916,) under a general public notice and promise of compensation. *Held* that claimant's leasehold interest being part of the *res,* was taken, and that a promise upon the part of the Government to pay for it was implied. P. 151. *Omnia Commercial Co.* v. *United States,* 261 U. S. 502, distinguished.

58 Ct. Clms. 234; *id.,* 403, reversed.

APPEAL from a judgment of the Court of Claims rejecting a claim for the value of a leasehold interest in property requisitioned during the late war.

*Mr. Don R. Almy,* with whom *Mr. Ernie Adamson* was on the brief, for appellant.

*Mr. Alfred A. Wheat,* Special Assistant to the Attorney General, with whom *Mr. Solicitor General Beck* was on the brief, for the United States.

MR. JUSTICE HOLMES delivered the opinion of the Court.

This is a claim against the United States for the value of the claimant's interest in Pier No. 8 of the Bush Terminal Company under a lease that ran through Sep-

tember 30, 1919. The claim is based upon an implied contract alleged to have arisen from a taking for war purposes, for such time as might be necessary, of described portions of the Bush Terminal docks and warehouses, including the claimant's pier. The Court of Claims dismissed the petition for want of jurisdiction upon the ground that the facts found excluded as matter of law the possibility that a contract should be implied and that therefore there could be no claim. *Hill* v. *United States,* 149 U. S. 593.

Under the Act of August 29, 1916, c. 418, 39 Stat. 619, 645, giving the President authority to take possession of any system of transportation, he took possession through the Secretary of War of the Bush Terminal, in Brooklyn, New York, including Pier No. 8, the Secretary issuing a general order dated December 31, 1917, " To whom it may concern," which stated that " possession and control is hereby taken . . . of the following described parts of a system of transportation . . . ; that is to say, of those portions of the Bush Terminal docks and warehouse property described " &c. " Steps will be promptly taken to ascertain the fair compensation to be paid for the temporary use by the Government of the premises." Notice of this order was served on the Bush Terminal Company on or about January 3, 1918, and at about the same time the receiver of A. W. Duckett & Company was notified that " the Bush Terminal has this day been requisitioned for the use of the embarkation service of the United States Army, and possession thereof has passed to the United States," and he was directed to make arrangements for vacating the premises. As the result of conferences the United States took possession of the pier at midnight, January 31, 1918.

It is unnecessary to go into the details of what was done later, as the acts that we have stated determined the relations of the parties. On the face of those acts

it seems to us manifest that the United States, although not taking the fee, proceeded *in rem* as in eminent domain, and assumed to itself by paramount authority and power the possession and control of the piers named, against all the world. Ordinarily an unqualified taking in fee by eminent domain takes all interests and as it takes the *res* is not called upon to specify the interests that happen to exist. Whether or not for some purposes the new takers may be given the benefit of privity with the former holders, the accurate view would seem to be that such an exercise of eminent domain founds a new title and extinguishes all previous rights. *Emery* v. *Boston Terminal Co.,* 178 Mass. 172, 184. *Farnsworth* v. *Boston,* 126 Mass. 1, 8. In such a case we no more should expect to hear it argued that leaseholds were not to be paid for than that the former fee simple should not be, on the ground that it was gone and a new fee begun. A right may be taken by simple destruction for public use. *United States* v. *Welch,* 217 U. S. 333, 339. See *Peabody* v. *United States,* 231 U. S. 530, 538. Here the taking purported to be a taking of the Bush Terminal docks, &c.—not of the title of the Bush Terminal Company, but of the things, to whomsoever they belonged. The notice was " to whom it may concern." The claimant was turned out like the others. We can see no ground for attributing to the United States the extraordinary intent to recognize and pay for other interests but to exclude the claimant. The order made no such distinction but promised fair compensation, seemingly to all, and the subsequent appointment of a board of appraisers contemplated payment to tenants. Any arrangement that the Government may have made later with the owner to pay to it what might be due to the tenants or some of them did not affect the claimant's rights.

*Omnia Commercial Co.* v. *United States,* 261 U. S. 502, which was thought to give some color to the decision below, has no bearing upon the present question. There the Government made a requisition of the entire product of a Steel Company for a year. On the assumption that the Government thereby made it impossible for the Steel Company to perform a contract to sell a large quantity of steel plate to the claimant, the decision was that nevertheless the contract was not taken. The contract was no part of the *res* taken and whatever might be the collateral consequences of the appropriation liability for them was not an incident of the Government's act. 261 U. S. 510. Here the claimant's possession under its lease was a part of the *res,* and therefore was within the implied promise to pay. Whatever the effect of the taking there was a contract implied in fact by the President's order and there is no doubt concerning the jurisdiction of the Court of Claims. *United States* v. *North American Transportation & Trading Co.,* 253 U. S. 330.

*Judgment reversed with directions to award proper compensation to the appellant.*