Hat, Judge,
delivered the opinion of the court:
The plaintiff is suing for $31,450.16, which it alleges is due it by the United States by reason of the taking over by *803 the United States of the property of the Bush Terminal Co. in New York City, in which property the plaintiff had stored 9,097 bales of cotton. There was no taking of plaintiff’s real estate and no claim is made for such a taking. The facts are that plaintiff removed its property because ordered or required so to do by the Government officials from property of the Bush Terminal Co. which had been requisitioned or taken by the Government.' The petition specifies two items for which the plaintiff makes claim, (1) the expense which plaintiff alleges was incurred in removing the cotton, (2) the damages which it is claimed was caused to the cotton by climatic and other causes during its removal, and while it was exposed to the weather after its removal from the warehouse.
In compliance with rule 16 of the court the plaintiff specifies the statutes upon which reliance is placed for recovery. These are stated to be section 10 of the Lever Act, 40 Stat. 276, the act of August 29, 1916, 39 Stat. 645, and the Dent Act, 40 Stat. 1273. Without expressing any view on that feature of the case it is sufficient to say that this court has no jurisdiction of a cause of action arising under section 10 of the Lever Act.
The Dent Act authorized the settlement of a character of agreements by the Secretary of War, but no agreement such as the act contemplates is averred in the petition, or set up by the evidence taken in the case.
The act of August 29, 1916, authorizes the taking of certain kinds of property and, when taken, just compensation should be made therefor, but plaintiff makes no claim for property taken and the evidence does not show that any property belonging to it was taken under this act.
The latest expression by the Supreme Court on the question of a taking for which just compensation must be made is in the Natron Soda Co. case, 257 U. S. 138; 54 C. Cls. 169. In that case it was claimed that by construction of certain irrigation works the body of ground water in the section covered by the project arose and caused the rise of waters in the lakes, which prior thereto were used to extract soda *804 from, and the Supreme Court said that, assuming there was causal connection between the work of the Government and the rise of waters in the lakes, and the consequent destruction of the properties of the plaintiff, it did not follow that the Government was under obligation to pay therefor as for the taking of the properties. The case criticizes the generality of expression found in the Lynah case, 188 U. S. 445, and says:
“ It is to be remembered that to bind the Government there must be implication of a contract to pay, but the circumstances may rebut that implication. In other words, what is done may be in the exercise of a right and the consequences only incidental, incurring no liability.”
The injuries of which plaintiff complains were mere consequences incidental to the exercise of the governmental power to take over the Bush Terminal Co.’s property. It is to be remembered that all property is held, whether stored in one’s own premises or in that of some one else, subject to the exercise of the right of eminent domain, and even where real estate is taken in the exercise of eminent domain, necessitating the removal of personal property therefrom, the weight of authority is that the expense of such removal is not an element of the just compensation to be allowed the owner.
In this case the plaintiff had no interest in the property taken. The Government did not take the property of the plaintiff and hence there is no similarity between this cáse and the case of Duckett v. United States, 266 U. S. 149. In the Duckett case the court held that the plaintiff was entitled to the value of the unexpired lease. There is no evidence here that there was any unexpired lease, nor any evidence of the value of the space occupied by the plaintiff in the warehouse. The injuries complained of are wholly incidental.
The petition must be dismissed. It is so ordered.
Graham, Judge; Downex, Judge; Booth, Judge; and Campbell, Chief Justice, concur.