DowNey, Judge,
delivered the opinion of the court:
The right of the plaintiff to recover is determined by the Duckett case, 266 U. S. 149. The amount of the recovery .allowed is in accordance with the facts found in Finding XXY. The plaintiff asks interest, which we have not awarded, and the reason for this action should be stated. It is to be found in the distinction to be drawn between the Seaboard case, 261 U. S. 299, and the Brooks-Scanlon case, 265 U. S. 106, on the one hand, and the Duckett case, supra, on the other.
In the Seaboard case, which was a Lever Act case, it is said “ the owner’s right does not depend on contract, express or implied,” and the suit is said to be “ a part of the authorized procedure initiated by the United States for the condemnation of the land.” The North American Transportation & Trading Co. case, 253 U. S. 330, is distinguished by .the statement that that case “ was a suit in the Court of Claims based on an implied promise of the United States to pay for property appropriated by it. It was not a condemnation case.” The Brooks-Scanlon case arose out of the exercise of a power under the act of June 15, 1917, 40 Stat. 182, which not only conferred the power but prescribed a •procedure of which the suit in this court was a part, as in the Seaboard case, except that the jurisdiction in that case was in the District Court.
In the Duckett case the procedure was under a provision ^contained in the Army appropriation act of August 29, 1916, 39 Stat. 619 at 645, which conferred a power but provided no procedure as to the ascertainment of compensation. 'That a board was appointed without authority of the act to .award compensation can not affect the legal status of the .claim, for the right to compensation is not derived from the *816 act. The Supreme Court says thatThe claim is based, upon an implied contract alleged to have arisen from a taking for war purposes ”; in concluding it is said that “ Whatever the effect of the taking, there was a contract implied in fact by the President’s order and there is no doubt concerning the jurisdiction of the Court of Claims,” citing the North American Transportation & Trading Co. case which was distinguished in the Seaboard case.
What is said in the Seaboard case as to the measure of just compensation might justify the inclusion of interest as a part of the award in this case were it not for section 177 of the Judicial Code, which is applicable because jurisdiction in this case is upon the implied contract arising out of the taking, together with the provisions of the Fifth Amendment. The history of section 177 and its effect are reviewed in the opinion of the Chief Justice in case No. D-549, Liggett & Myers Tobacco Co. v. United States, decided by this court on February 15,1926, ante, p. 693, to which reference is made.
Gbai-iam, Judge; Hay, Judge; Booth, Judge; and Campbell, Ohief Justice, concur.