In Matter of Reconstruction of Highway: Allen-
dorf, Appellant, v. Campbell et al., Board
of County Commrs. of Hamilton
County, Appellees.

Home Owners' Loan Corporation, Appellant, v.
Campbell et al., Board of County Commrs.
of Hamilton County, Appellees.

(Decided April 1, 1940.)

*Mr. Harry H. Shafer,* for appellant, Amelia E. Allendorf.

*Mr. Stuart M. Fitton,* for Home Owners' Loan Corporation.

*Mr. Carl W. Rich,* prosecuting attorney, for county commissioners.

Matthews, J. These are appeals from orders of the Common Pleas Court sustaining demurrers to petitions on appeal and ordering that such petitions be dismissed, made in an action to appropriate property

for highway purposes under Sections 1201 and 1201-1, General Code.

Proceeding under these sections the county commissioners passed a resolution declaring that it was necessary to appropriate a right-of-way for a public highway over property upon which the Home Owners' Loan Corporation held a mortgage, and of which Amelia E. Allendorf was a lessee, and finding the value of the right-of-way and all damage at $600. This amount was deposited with the clerk of the Common Pleas Court together with a copy of the resolution, and summons was caused to be served upon the owner of the fee-simple title, the mortgagee and the lessee.

The owner of the fee-simple title filed a petition setting forth his intention to appeal in accordance with the statute. Thereafter, but within the time prescribed by the statute, the mortgagee and lessee each also filed a separate petition.

The county commissioners demurred to these petitions of the mortgagee and lessee, and it was these demurrers that were sustained.

The trial court was of the opinion that the statute did not authorize the owners of partial titles to file separate petitions on appeal and that to permit them to do so would enable them to obtain as many separate trials as there were fractional interests.

A reading of Section 1201, General Code, makes it clear that all persons owning any vested title in the real estate to be appropriated are necessary parties to the appropriation proceedings. The county commissioners recognized that necessity and caused summons to be served on the mortgagee and lessee as well as the owner of the fee in this case.

It is true that the section uses the phrase "owner or owners" to designate the party or parties to be notified, but in this connection "owner" is not limited in meaning to the holder of the ultimate fee-simple

title. In 18 American Jurisprudence, 964, Section 321, it is said:

"The term 'owner,' when employed in statutes relating to eminent domain to designate the persons who are to be made parties to the proceeding, refers, as is the rule in respect of those entitled to compensation, to all those who have any lawful interest in the property to be condemned. If there are two estates in the property, one a life estate and the other a contingent remainder, the fact that it is impossible to ascertain the persons who would eventually take as remaindermen does not authorize the conclusion that the interest of such remaindermen was acquired by proceedings against the life tenant, who cannot be held to represent them."

Being necessary parties to the proceeding, they could not be deprived of the right to set forth their title in an appropriate pleading. The statute designates the petition as the appropriate pleading.

Even assuming that the filing of a separate petition by each holder of a vested interest in the property would result in a separate trial, that would, in our opinion, be no basis for withholding from such parties the right to plead. But we are of the opinion that no such result would follow by each owner of a partial interest in the same premises filing a separate petition.

Section 1201-1, General Code, seems to cover this contingency clearly. It is there provided that: "At the conclusion of the trial the court shall charge the jury and the jury shall find and return a verdict separately upon each claim for compensation and damages appealed from." Only one trial is suggested, and at that trial, the jury shall return separate verdicts as to each claim.

The language of the entry appealed from is that the petition should be dismissed. As the filing of the petition was the only way the mortgagee and lessee could

invoke the jurisdiction of the court to determine the value of their titles that had been taken, the dismissal of the petition was the equivalent of a dismissal of the action and was a final order.

For these reasons, the judgments are reversed and the causes remanded for further proceedings according to law.

*Judgments reversed and causes remanded.*

HAMILTON, P. J., and Ross, J., concur.