## SILBERMAN et al. v. UNITED STATES.
### No. 3804.

Circuit Court of Appeals, First Circuit.

Dec. 8, 1942.

Philip Nichols, of Boston, Mass., and John I. Robinson, of Springfield, Mass., for appellants.

Wilma C. Martin, Atty., Department of Justice, of Washington, D. C., Norman M. Littell, Asst. Atty. Gen., and Vernon L. Wilkinson, Atty., Department of Justice, both of Washington, D. C., Edmund J. Brandon, U. S. Atty., of Boston, Mass., and Thomas F. Moriarty, Sp. Atty., of Springfield, Mass., for appellee.

Before MAGRUDER, MAHONEY, and WOODBURY, Circuit Judges.

MAHONEY, Circuit Judge.

The United States filed a petition in condemnation in the district court on October 17, 1939, to acquire certain land in the County of Hampden, in the Commonwealth of Massachusetts, for an air base. On the same day a declaration of taking was filed and $270,918 was deposited in court as the estimated compensation for the taking. Judgment was entered vesting title in the petitioner. Charles Bulecza was the owner in fee of approximately fifty-four and one-quarter acres of land described as parcel 125 in the petition. By agreement of the parties his claim was consolidated with those of six others. The jury assessed compensation for the taking of his land in the amount of $7,070. Bulecza executed a lease to Albert M. Silberman and William M. Kahn, appellants, on July 26, 1939, for a term of five years commencing January 1, 1940, with the right to enter into immediate possession of the premises. The appellants filed their appearance in reply to the order of notice issued from the district court dated October 22, 1941, and claimed compensation for the taking of their interest as lessees and for a trial by jury. At the outset of the trial the lessees made an offer of proof, the pertinent part of which is as follows:

"* * * that prior to the institution of the condemnation proceedings they had entered into possession of the land and wisely and prudently expended large sums of money in clearing it and fertilizing it for the cultivation of tobacco; that the lease further provided that structures affixed by them to the soil might be removed at the end of their term; that their estate for years in the property had a substantial value, which they offered to prove by competent evidence; and that this estate or interest in the property was taken from them by the proceedings. They further contend that they are indispensable parties to the action; that they have the right through counsel to be heard on the questions (1) of the value of the property itself and (2) of the value of their estate or interest in the property, and in carrying out that right they have a right to submit an opening statement to the jury, to present any competent evidence, to cross examine witnesses for the petitioner, and to making a closing argument."

The court rejected the offer of proof. On oral motion made by the appellants to participate in the trial insofar as it affected not only the value of the lease but also the value of the land, the court made the following statement:

"I rule that the renting parties have no standing to be heard before the jury has assessed the value of the land, and I make

this ruling not only on the basis of the exercise of a sound discretion but as a matter of law. I intend after the verdict has been returned as to the value of the land to allow these parties further hearing before the court or before a jury as to their claim for a proportionate part of the land value based on their lease * * *".

The appellants took exception to this ruling and declined to participate in any proceedings as to the distribution of the award on the ground that they were entitled to participate in the trial as well as in the distribution. We are asked to determine whether the appellants as lessees for a term of years are entitled to participate in a jury trial to ascertain the value of the land itself and the compensation to be paid, or whether they can only be heard as to their proportionate share in the distribution of the amount awarded by the jury.

■ Upon condemnation the condemnor is vested with a complete title and all interests in the property taken are extinguished. A. W. Duckett & Co., Inc., v. United States, 1924, 266 U.S. 149, 45 S.Ct. 38, 69 L.Ed. 216; United States v. Dunnington, 1892, 146 U.S. 338, 13 S.Ct. 79, 36 L.Ed. 996. All persons having any interest in the property taken are necessary parties to the condemnation proceedings. See 2 Lewis, Eminent Domain, 3rd Ed. 1909, § 515, p. 935. The principle that the owner of an estate or interest in property condemned is entitled to compensation is not open to dispute. Nor is it doubted that a lessee for a term of years has an interest which must be recognized upon the taking of the property covered by his lease. Allendorf v. Campbell, 1940, 65 Ohio App. 149, 29 N.E.2d 435, 436; Houston North Shore R. Co. v. Tyrell, 1936, 128 Tex. 248, 98 S.W.2d 786, 108 A.L.R. 1508; Hare v. Fort Smith & Western Railroad Co., 1912, 104 Ark. 187, 148 S.W. 1038; 2 Lewis, Eminent Domain, supra, § 534, p. 952. The right to compensation carries with it the right to be heard upon the important question of the value of the property taken and the damages caused. North Laramie Land Co. v. Hoffman, 268 U.S. 276, 284, 285, 45 S.Ct. 491, 69 L.Ed. 953; Bragg v. Weaver, 251 U.S. 57, 59, 40 S.Ct. 62, 64 L.Ed. 135; Londoner v. City & County of Denver, 210 U.S. 373, 378, 28 S.Ct. 708, 52 L.Ed. 1103.

■ From these basic principles we are lead to the conclusion that the trial court was in error in ruling as a matter of law

that the lessee had no standing to be heard on the question of the value of the property. Nor may the trial judge as a matter of discretion permanently exclude the lessee at the outset of the trial. We do not mean to suggest that the trial court cannot prevent the introduction of cumulative evidence on the question of value. We can conceive of cases in which there would be so many persons with various interests in the property condemned who would seek to introduce evidence on the question of the value of the property taken that the proceedings would be interminable and the jury would be unnecessarily confused. As a practical matter the trial court must have discretion to exclude cumulative evidence on the question of value of the property as a whole, which is after all the only important question for the jury to determine at that stage of the trial. State v. Hall, 1930, 325 Mo. 165, 28 S.W.2d 80, 69 A.L.R. 1256. Where numerous parties have interests in the property to be condemned the trial court likewise must have discretion to limit the number of opening and closing statements by attorneys. And the trial court need not as a matter of law extend to each attorney the privilege of cross-examination.

Here the landlord and the tenant had a common interest in producing all relevant testimony which would tend to enhance the value of the tract as a whole. At the outset of the trial there was therefore no reason for the trial judge to anticipate that the landlord, through his attorney, would not adequately and diligently present to the jury that side of the case. But if in the course of the trial it should become manifest that the landlord had not adequately presented the case on the issue of the value of the tract, the lessee, through his attorney, should have been given the privilege to introduce further relevant, and non-cumulative, evidence on the issue of value. But in view of the trial court's initial ruling that the lessee had no standing, the lessee was led to believe that it was futile to make any further attempt to introduce evidence showing the sums expended to fertilize and thereby enhance the value of the land, even though it appeared that the landlord had failed to present evidence on this point.

If, therefore, the lessee were substantially prejudiced by the inability to present this evidence, we would be required to reverse the judgment below.

718

We think, however, that the rule laid down in Carlock v. United States, 1931, 60 App.D.C. 314, 53 F.2d 926 is the proper one to be followed as to the method of the apportionment of the jury's award in a case such as this involving a short term lease. See Orgel, On Valuation under Eminent Domain, §§ 120, 124, pp. 410, 411, 416, 417. In that case it was held that the present value of the residue of the term is subtracted from the amount awarded in order to determine the amount due the lessees. It is not contended in this case that the award is insufficient to cover the value of the appellants' interest in the property condemned. The appellants are thus assured of receiving an amount equal to the value of their interest and have, therefore, suffered no damage by the ruling of the court.

The appellants offered to prove that the lease provided that structures affixed by them to the soil might be removed at the end of their term. They did not offer to show that they had affixed any structures to the land. Certainly this was of no importance in the determination of the value of the property. Insofar as the offer of proof was directed to the value of the leasehold, we are of the opinion that this was properly excluded as the value of the leasehold was not then in issue before the jury.

The decision of the District Court is affirmed.