**MEADOWS et al. v. UNITED STATES.**

No. 5247.

Circuit Court of Appeals, Fourth Circuit.

July 24, 1944.

W. B. R. Guion, of New Bern, N. C., for appellants.

R. Brookes Peters, Jr., Sp. Asst. to U. S. Atty., of Tarboro, N. C., and Vernon L. Wilkinson, Atty., Dept. of Justice, of Washington, D. C. (Norman M. Littell, Asst. Atty. Gen., and Kelsey M. Mott, Atty., Dept. of Justice, of Washington, D. C., on the brief), for appellee.

Before PARKER, DOBIE, and NORTHCOTT, Circuit Judges.

NORTHCOTT, Circuit Judge.

On September 26, 1941, the United States instituted condemnation proceedings, in the District Court of the United States for the Eastern District of North Carolina, ac-

companied by a declaration of taking, to acquire for a Marine Corps Air Base 7,582.2 acres of land in Craven County, North Carolina. Embraced therein was a 145.4 acre tract owned by appellant Sara Meadows, and specifically referred to in the amended petition filed by the Government August 20, 1942, as Tract 540. The timber rights included in Tract 540 were designated "Tract 540 a." A deposit of $6,655 was made by the United States for the land and improvements, including the timber, of which $3,500 was for the land and improvements, $3,155 for the timber.

The appellant Sara Meadows filed an answer in November 1941 averring, among other things, that she was seized of the fee simple title to the tract, subject to a deed to appellant Carlton J. Taylor for the timber on said tract of and above the size of ten inches in diameter measured twelve inches above the ground; that there were some encumbrances against said tract which were set out in the answer; that the money deposited was not just compensation for her property; that the pecan grove on the property was very valuable and that $7,000 would be a fair value for her land and improvements exclusive of the timber. Appellant Taylor, the owner of the timber deed, also filed an answer averring that the deposit of $3,155 for the timber was not adequate compensation.

In February 1943, commissioners appointed by the court made a report awarding $5,664 for said tract and all appurtenances thereto and $3,760 for the timber interest claimed by appellant Taylor. Both appellants and the Government excepted to the report of the Commissioners.

The cause came on for trial before a jury in January 1944 and there seems to be considerable confusion as to whether the court had ruled that the case should be tried as one case, to find the value of the tract including the timber, or as two cases to find the value of the land and improvements separately from the timber, and after much argument the court entered the following order: "The Government insisted that the case should be tried as one case; the Defendants insisted that it should be tried as two cases. The Court held that the case should be tried as one case and that the jury should find the value of the land with the value of the timber included."

At the trial the petitioner asked the court to submit to the jury, separately, issues as to the value of the land and improvements and of the timber. This was objected to by counsel for the defendants, which objection the court sustained.

At the request of defendants' counsel (the two being represented by the same attorney) the court recalled the jury, which had gone to its rooms, and announced to them that since there seemed to have been a misunderstanding on the part of defendants counsel as to how the case should be tried he was going to reopen the case and allow the defendant Taylor to put in his evidence as to the value of the timber and told the jury to disregard the charge already given.

Evidence was then offered on behalf of defendant Taylor as to the value of the timber and after the court again charged the jury, to which charge there was no exception, the case was submitted and the jury returned a verdict finding the value of the land and improvements including the timber to be $7,500. Judgment was entered for the defendants upon the verdict of the jury from which judgment this appeal was brought.

The principal statute involved is section 40-23 of the General Statutes of North Carolina (1943):

"Rights of claimants of fund determined. —If there are adverse and conflicting claimants to the money, or any part of it, to be paid as compensation for the real estate taken, the court may direct the money to be paid into the said court by the corporation, and may determine who is entitled to the same and direct to whom the same shall be paid, and may in its discretion order a reference to ascertain the facts on which such determination and order are to be made (Rev., s. 2591; Code, s. 1947; 1871–2, c. 138, s. 19; C.S. 1727)."

Two main questions are presented on this appeal: (1) Whether the defendants were entitled to separate trials as to the value of their holdings and (2) whether there was error in the charge of the judge to the jury.

As to the first question we are of the opinion that the judge below was correct in holding that in this proceeding the Government was entitled to have the value of the property, as a whole, fixed by the jury. The Government was seeking to take the property for a lawful use and was not interested in the conflicting claims of owners as to the value of their respective interests. The taking was not of the rights

of designated persons in the property but of the property itself. "* * * an unqualified taking in fee by eminent domain takes all interests and as it takes the·res is not called upon to specify the interests that happen to exist." Duckett & Co. v. United States, 266 U.S. 149, 45 S.Ct. 38, 69 L.Ed. 216.

The value of the property once being determined in a proper proceeding, the sum so determined stands in the place of the property and can be distributed upon the adjudication of the value of the respective interests. United States v. Dunnington, 146 U.S. 338, 13 S.Ct. 79, 36 L.Ed. 996; Monongahela Navigation Co. v. United States, 148 U.S. 312, 13 S.Ct. 622, 37 L.Ed. 463.

See, also: Edmands v. Boston, 108 Mass. 535; City of St. Louis v. Rossi, 333 Mo. 1092, 64 S.W.2d 600; State v. Superior Court, 80 Wash. 417, 141 P. 906; Matter of New York, W. S. & B. Ry. Co., 35 Hun, N. Y., 633; Burt v. Merchants' Insurance Co., 115 Mass. 1; 2 Lewis, Eminent Domain, 3d Ed. 1909, p. 1253.

Here the Government was seeking to acquire a certain tract of land. One of the appellants, Sara Meadows, owned fee simple title to the tract, the other appellant C. J. Taylor owned the timber on said tract and the Government was not interested in respective value of the land and the timber separately and it was proper in the proceeding below to have the value of the tract including the timber fixed by the jury. As to how the value thus fixed should be apportioned between the owner of the fee simple title and the owner of the timber is governed by Sec. 40-23 of the General Statutes of North Carolina, above quoted. It is not necessary to cite numerous cases which without exception lay down this principle.

The record is somewhat uncertain as to what the judge originally intended by his ruling that the Government's motion that the value of tract 540 and 540a be tried as one action, be denied. From subsequent developments in the trial, it seems clear that the court construed the request by the Government as a request that the same jury determine the value of the property as a whole and then determine what part of the award be allocated to Taylor as his payment for the timber.

When, however, the misunderstanding with regard to the court's ruling was clear-ed up the defendant Taylor was given ample opportunity to offer evidence as to the value of his timber interest in the land for the purpose of aiding the jury in fixing the value of the tract as a whole, including the timber. The attorney for Taylor, who was also attorney for defendant Meadows, offered this evidence without objecting to the course pursued and for the first time on this appeal raises an objection to the action of the court. He cannot in this way have two trials or two chances to increase the amount to be paid for the property and should have made his objection in the court below. His objection comes too late when made for the first time on appeal. Strang v. United States, 5 Cir., 53 F.2d 820; State v. Council, 129 N.C. 511, 39 S.E. 814; State v. Ward, 9 N.C. 443.

Numerous cases cited on behalf of the appellants on the question of a separate trial are clearly distinguishable or are not applicable to the situation presented here.

On the second point, as to the charge of the judge to the jury, the record shows that there was no objection to the charge at the time it was made. Objections to the charge of a trial judge should be called to his attention at the time and if this is not done the objection cannot be raised for the first time on appeal. This rule was laid down by Taft, C. J. in the case of Brevard Tannin Co. v. J. F. Mosser Co. et al., 4 Cir., 288 F. 725, 731. In that case Judge Taft said:

"In the face of this formidable array of authority from the Second, Fifth, Sixth, and Ninth Circuit Courts of Appeals, we should be inclined to hold that the exceptions in this record were not duly reserved and are not properly before us."

This is, without exception, the rule in federal courts.

Also under the North Carolina law an exception after verdict to a misstatement in the charge of the contentions of the parties is too late; the objection must be made in time to afford the judge a fair opportunity to correct it. Edwards v. Whitehead, 214 N.C. 838, 199 S.E. 388; State v. Bowser, 214 N.C. 249, 199 S.E. 31; State v. Baldwin, 184 N.C. 789, 114 S.E. 837.

See, also: State Automobile Mut. Insurance Co. v. York, 4 Cir., 104 F.2d 730.

Even had a timely objection been made to the judge's charge there was no error in it. In contending that the judge

committed error in commenting on the evidence and the facts, counsel for the appellants evidently had in mind the North Carolina rule prohibiting a trial judge, in charging the jury, from expressing an opinion on the facts. The rule in the federal courts is different from that in the North Carolina courts and we have repeatedly held that as long as the judge tells the jury that they are the sole judges of the facts, under the evidence, as the judge here did, he may comment, in a proper way, upon the facts and the evidence. Lovejoy v. United States, 128 U.S. 171, 9 S.Ct. 57, 32 L.Ed. 389; State Automobile Mut. Ins. Co. v. York, supra.

The numerous cases cited on behalf of the appellants as to the charge of the trial judge do not apply and it is not necessary to discuss them here.

The charge of the judge was fair; the trial was conducted without harmful error; the appellants had their opportunity to prove the value of the property sought to be taken; the jury arrived at what was considered by the judge below to be a just verdict; both defendants were given every opportunity to prove the value of the tract taken and the judge properly exercised his discretion in refusing to set aside the verdict. No harm was done to either of the appellants by the manner in which the trial was conducted and we can find no reason for reversing the judgment of the court below.

Affirmed.