**UNITED STATES v. 25.936 ACRES OF LAND, MORE OR LESS, IN BOROUGH OF EDGEWATER, BERGEN COUNTY, N. J., et al.**

No. 8819.

Circuit Court of Appeals, Third Circuit.

Argued June 5, 1945.

Decided Jan. 9, 1946.

278

New Jersey, belonging to Corn Products Refining Company. See the Act of February 26, 1931, c. 307, 46 Stat. 1421-1422, 40 U.S.C.A. §§ 258a–258e. The United States deposited[1] in the court below a sum of money as "just compensation" for the lands taken as required by the Fifth Amendment. Corn Products has withdrawn from the court all the money deposited except an amount retained in the registry because of a tax claim presently asserted by the Borough of Edgewater. Corn Products petitioned the court below praying that the balance of the deposit be paid to it.

The nature of this tax claim, the pertinent statutes of New Jersey and the decisions of the New Jersey Courts are set out fully in the opinion[2] of the court below and need not be repeated or discussed here. It is sufficient to state that basing his view largely upon the statute known as the New Jersey apportionment act, N.J.S.A. 54:4–56, and the decision of Mr. Justice Swayze in Jersey City v. Montville Tp., 84 N.J.L. 43, 85 A. 838, affirmed, 85 N.J.L. 372, 91 A. 1069, the learned District Judge held that though the United States acquired title in fee simple to the land it did so subject to an inchoate lien on the land for all unpaid installments of taxes for the year 1942 alleged to be due to the Borough. Accordingly, the court's decree placed a cloud on the fee simple title acquired by the United States while directing that the balance of the money be paid to Corn Products.

Specifically, the recitals of the decree state that the United States took title by virtue of the condemnation proceedings "subject to a cloud or lien inchoate for the unpaid 1942 taxes for the period from May 3, 1942, to December 31, 1942, but that both equity and justice require that there should be no deduction from the award herein to satisfy the same, and that the Borough of Edgewater is not entitled to the payment of any of the monies heretofore deposited in the Registry of the court by the United States of America on account of just compensation for the taking of said lands and premises and has no lien on any of said monies. * * *" The decree then requires that the balance of the money be paid to Corn Products "for its own use and benefit in full and complete satisfaction" of the judgment and of Corn Products.

Wilma C. Martin, of Washington, D. C. (J. Edward Williams, Acting Head, Lands Division, Department of Justice, of Washington, D. C., Fred W. Devoe, Sp. Asst. to Atty. Gen., and Vernon L. Wilkinson, Attorneys, Department of Justice, of Washington, D. C., on the brief), for appellant.

Milton T. Lasher, of Hackensack, N. J., for Borough of Edgewater.

Parker McCollester, of New York City (Frank H. Hall, Sidney S. Coggan, and Lord, Day & Lord, all of New York City, on the brief), for Corn Products Refining Co.

Before BIGGS, MARTIN, Circuit Judges, and KALODNER, District Judge.

BIGGS, Circuit Judge.

On May 2, 1942 the United States condemned and took in fee simple absolute, certain easements excepted, lands in the Borough of Edgewater, Bergen County,

---

[1] The amount originally deposited was increased by a subsequent jury award but this fact is not relevant to the questions presented in the instant case.

[2] See 57 F.Supp. 383.

claim for compensation for the lands taken. The final paragraph provides that " * * * on May 2, 1942, said lands and premises were subject to a cloud or lien inchoate for the amount of the unpaid 1942 taxes for the period from May 3, 1942 to December 31, 1942, which inchoate lien became on December 1, 1942, and still remains, a lien consummate without authority to enforce the same against the United States. * * *"

The court below was in error. The United States paid "just compensation" for the property as required by law. It is settled that when land in which various persons have separate interests or estates is taken by the United States for public use, the amount of compensation to be paid must be determined as if the property was in a single ownership and without reference to conflicting claims or liens. See Meadows v. United States, 4 Cir., 144 F.2d 751, 752, 753; United States v. 576.734 Acres of Land, 3 Cir., 143 F.2d 408, 409. The compensation paid is for the land itself and the value of the separate interests cannot exceed the worth of the whole. See 2 Lewis, Eminent Domain, 3d Ed., p. 1253; 1 Nichols, Eminent Domain, 2d Ed., pp. 707, 708. Taxes levied and assessed against real estate do not increase the land's value. United States v. 150.29 Acres of Land, Etc., in Milwaukee C. Wis., 7 cir., 135 F.2d 878, 880; Washington Water Power Co. v. United States, 9 Cir., 135 F. 2d 541, 543, certiorari denied, 320 U.S. 747, 64 S.Ct. 50, 88 L.Ed. 444. Though tax liens or other encumbrances may amount to more than the value of the property the United States can still acquire the property in fee simple by paying just compensation. This is true whether the amount paid is sufficient to discharge all of the encumbrances or not. United States v. Greer Drainage District, 5 Cir., 121 F.2d 675.

A condemnation proceeding is a proceeding in rem. It is not a taking of rights of persons in the ordinary sense but an appropriation of the land or property itself. As indicated by the Supreme Court in Duckett & Co. v. United States, 266 U. S. 149, 151, 45 S.Ct. 38, 69 L.Ed. 216, all previous existing estates or interests in the land are obliterated. An unqualified appropriation in fee simple by the United States under the Act, cited supra, creates a new title. The condemnation award when made stands in the place of the land and the rights of all persons may be treated as though transferred to the award. United States v. Dunnington, 146 U.S. 338, 351, 13 S.Ct. 79, 36 L.Ed. 996; United States v. Certain Lands in Borough of Brooklyn, 2 Cir., 129 F.2d 577, 579. Valid tax liens must be satisfied from the award. United States v. Certain Parcels of Land in Philadelphia, 3 Cir., 130 F.2d 782, 783 and authorities therein cited. The effect of the decision of the court below is to impose the taxes of the Borough of Edgewater upon the United States since it places a cloud upon the title taken by the United States, necessarily rendering the land unmarketable unless the tax be paid.

If the Borough of Edgewater had a lien for the unpaid balance of the 1942 taxes, the lien against the land was extinguished and perhaps was transferred to the award paid into court. The question of whether or not a lien does attach to the fund for the benefit of the Borough of Edgewater is a vexatious one and depends on the interpretation to be placed upon the statutes of New Jersey and the decisions of the New Jersey courts. No New Jersey court has passed upon the precise questions of law presented by the circumstances at bar. It is appropriate, therefore, to require the Borough and Corn Products to seek an answer in the courts of New Jersey either under the New Jersey "uniform declaratory judgments law", N.J.S.A. 2:26-66 et seq., or otherwise. See United States v. 150.29 Acres of Land Etc., in Milwaukee C., Wis. supra, 7 Cir., 135 F.2d at page 881, and the approving reference to the procedure therein indicated by the Supreme Court in Spector Motor Co. v. McLaughlin, 323 U.S. 101, 105, 106, 65 S.Ct. 152.

Accordingly, the decree of the court below is reversed and the cause is remanded with the direction to retain jurisdiction for a reasonable length of time to permit the Borough of Edgewater and Corn Products to litigate in the courts of New Jersey their respective rights to the fund.