UNITED STATES v. 19,573.59 ACRES OF LAND IN CHEYENNE COUNTY, NEB., et al.

Civil Action No. 80.

District Court, D. Nebraska, North Platte Division.

April 1, 1947.

Joseph T. Votova, U. S. Atty., and Emmet L. Murphy and Charles D. Hitch, Sp. Attys., Land Division, Department of Justice, all of Omaha, Neb., for petitioner.

Walter R. Johnson, Atty. Gen., and Nobert A. Nelson, Asst. Atty. Gen., for respondent State of Nebraska.

Martin and Davis, of Sidney, Neb. (R. H. Beatty, of North Platte, Neb., of counsel), for respondents McNish and Clarke.

Martin and Davis and R. P. Kepler, all of Sidney, Neb., and R. H. Beatty, of North Platte, Neb., for respondent T. C. Spiker.

DONOHOE, District Judge.

This is a condemnation proceeding by the United States to acquire certain lands situate in the State of Nebraska, including lands referred to as Tracts No. 27 and No. 69, for an ammunition storage depot.

The suit was instituted under and pursuant to provisions of the Act of Congress approved August 18, 1890, 26 Stat. 316, as amended by the Acts of July 2, 1917, 40 Stat. 241, and of April 11, 1918, 40 Stats. 518, 50 U.S.C.A. § 171, and the Acts approved March 27, 1942, P.L. 507, 77th Congress, 50 U.S.C.A.Appendix, § 631 et seq., and August 25, 1941, P.L. 247, 77th Congress, 55 Stat. 669, and all other Acts or parts of Acts supplementary to and amendatory of said Acts.

A Declaration of Taking was filed under 40 U.S.C.A. Sec. 258a, and the amount of estimated just compensation was deposited in the registry of the court.

The case is before the court at this time on a motion for new trial filed by respondent State of Nebraska following a judgment on stipulations of counsel and a jury's verdict fixing, and apportioning as between the State of Nebraska and certain lessees, the amounts to be paid as just compensation for Tracts No. 27 and No. 69. These tracts were school lands owned by the State and by it leased to the lessees at the time of the taking.

The motion is founded primarily upon alleged errors in the Court's instructions as to the measure of damages recoverable by the State as just compensation; it being the movant's contention that the measure ·of damages recoverable by the State and by the lessees is a matter controlled by local state law as found in the constitution, statutes and judicial decisions of Nebraska.

■ While there was some authority in support of this position prior to the case of United States v. Miller, 1943, 317 U.S. 369, 63 S.Ct. 276, 87 L.Ed. 336, 147 A.L.R. 55 (see United States v. 20.08 Acres of Land in Harmer Tp., D.C.Pa., 1940, 35 F.Supp. 265), it is now the established rule that the measure of just compensation or damages in a federal condemnation proceeding is a substantive matter and right grounded upon the Fifth Amendment and that federal rather than local state law governs this question. United States v. Miller, supra; United States v. Certain parcels of land in city of Philadelphia, 3 Cir., 1944, 144 F.2d 626, 155 A.L.R. 253; Meadows v. United States, 4 Cir., 1944, 144 F.2d 751; United States v. Certain parcels of land in the city of Philadelphia, 3 Cir., 1944, 145 F.2d 374, 159 A.L.R.1; United States v. Alcorn, 9 Cir., 1935, 80 F.2d 487; United States v. Certain Parcels of Land in the City of San Diego, etc., D.C.Cal., 54 F.Supp. 561; United States v. 40.558 acres of land, etc., D.C.Del., 1945, 62 F.Supp. 98.

In United States v. Wheeler Tp., 8 Cir., 66 F.2d 977 at 981, Circuit Judge Stone said:

"The Fifth Amendment prohibits the United States from taking private property for public use without just compensation and those entitled to the protection of that provision cannot lose that right because of any state constitution, statute, or judicial decision."

The language of District Judge Taylor in United States ex rel. Tennessee Valley Authority v. Indian Creek Marble Co., D.C.Tenn., 40 F.Supp. 811 at page 818, is worthy of mention:

"The State of Tennessee cannot by statute or by decision fix either a greater or a less compensation for land taken by the United States than the Constitution of the United States provides, which is just compensation. It is inconceivable that the contention would be seriously made that either the Supreme Court of Tennessee or the legislature of Tennessee could by express decision or legislation define 'just compensation' as employed in the Constitution of the United States so as to require the United States to pay a citizen of Tennessee a greater sum for taking a fee or an easement than it would be required to pay a citizen of another State for a fee or easement of exactly the same value."

During the trial, the State excepted to instructions that the jury should first determine the fair market value of the land, and then allocate or apportion that amount between the State and the lessees.

Where the United States, as condemnor, has paid into court just compensation for the land taken, it has performed its duty and it is not concerned with to whom the court distributes the fund. United States v. Dunnington, 146 U.S. 338, 13 S.Ct. 79, 36 L.Ed. 996; City of St. Paul v. Certain Lands, etc., 8 Cir., 48 F.2d 805; United States v. Certain Lands, etc., 2 Cir., 129 F.2d 918.

Condemnation by the United States of land in which the fee title is held by one person and a leasehold interest by another does not raise a new or novel question. "It is a fundamental principle, governing condemnation proceedings, where several interests are involved, such as estates for life, or in remainder, or leaseholds, or in reversion, in the property to be condemned, all should be combined in determining the value of the fee, after which the total value of the fee can be subdivided in satisfaction of the values fixed upon the various interests involved." Carlock v. United States, 60 App.D.C. 314, 53 F.2d 926, 927.

The court continued at page 927, of 53 F.2d by saying:

"This rule was well expressed in a prayer submitted to the jury as follows: 'If there are several interests, as estates for life, or in remainder, or of leasehold, or in reversion, in any of the land to be condemned, the proper course is for the jury to ascertain the market value, if any, of the fee simple entire, not divided into successive interests but as if belonging to one person. Said fee simple values shall then be distributed between the successive interests by determining the market value, if any, of the estates for life or leasehold, and then deducting the value of the same from the value of the fee simple to determine the value of the estate in remainder or reversion.'"

Other cases supporting the above rule are: United States v. 25.936 acres of land, More or Less, in Borough of Edgewater, Bergen County, N. J., 3 Cir., 153 F.2d 277; Silberman v. United States, 1 Cir., 131 F.2d 715; Meadows v. United States, 4 Cir., 144 F.2d 751; United States v. 8286 Sq. Ft. of Space in Paca-Pratt Bldg., City of Baltimore, Md., D.C.Md., 61 F.Supp. 737.

In the Meadows case, the government condemned North Carolina land which was owned in fee by one of the defendants, subject to a deed conveying timber rights to the other defendant. One of the questions on appeal was, "Whether the defendants were entitled to separate trials as to the value of their holdings." 144 F.2d at page 752. The Circuit Court of Appeals answered the question by saying:

" * * *, we are of the opinion that the judge below was correct in holding that in this proceeding the Government was entitled to have the value of the property, as a whole, fixed by the jury. The Government was seeking to take the prop-

erty for a lawful use and was not interested in the conflicting claims of owners as to the value of their respective interests. The taking was not of the rights of designated persons in the property but of the property itself. '* * * an unqualified taking in fee by eminent domain takes all interests and as it takes the res is not called upon to specify the interests that happen to exist.' Duckett & Co. v. United States, 266 U.S. 149, 45 S.Ct. 38, 69 L.Ed. 216." 144 F.2d 752, 753.

The court also concluded that the matter of how the value of the land including the timber, as fixed by the jury, should be apportioned, was governed by a North Carolina statute prescribing procedure to be followed by the court in determining conflicting claims to the fund.

In United States v. 8286 Sq. Ft. of Space, etc., supra, the government took for a term of years office space which had been leased from the owner by a tenant. In his opinion District Judge Chestnut pointed out that the government had the right to have the award made as one entire sum to cover just compensation to all interests taken although, for convenience in practice, the amount of the award could be distributed among those entitled thereto either in the inquisition by the jury or by subsequent proceedings. See 61 F.Supp. at page 744.

 The holding of the Supreme Court of Nebraska in State v. Platte Valley Public Power & Irrigation District, 23 N.W. 2d 300, that where leased school land is condemned for public use, the value of the interests of the State and of the lessee must be separately assessed, and that the amount of the award may, if justified by the evidence, exceed the value of the land as an unincumbered whole goes to the matter of local substantive law on the measure of just compensation. Cf. United States ex rel. Tennessee Valley Authority v. Indian Creek Marble Co., supra. The measure of just compensation in a federal condemnation proceeding being a substantive matter controlled by federal law, these pronouncements of local state law do not apply in the instant case. It is only the procedural aspects of state law which must be resorted to in proceedings of this character. See 40 U.S.C.A. § 258; 50 U.S.C.A. § 171.

The court observes no merit in the claim of error in permitting witnesses for the lessees to testify, over objection by the State, as to the market value of school land leases. It is considered that both a proper and a sufficient foundation was laid for this testimony by these witnesses. Their testimony as to knowledge of sales of leases prior to the time of the filing of the original petition in condemnation was competent and admissible for the purpose of showing the existence of a market for such leases, and as a foundation for their opinions as to the fair market value of the leases involved in the instant suit.

The motion for new trial is overruled. An order is being entered in harmony herewith.