UNITED STATES of America,
Appellant,

v.

**2979.72 ACRES OF LAND, MORE OR LESS, IN the COUNTY OF HALIFAX, VIRGINIA, Olive Vaughan Williams, et al., and unknown owners, Appellees.**

No. 6839.

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 13, 1954.
Decided Jan. 5, 1955.

Harold S. Harrison, Atty., Department of Justice, Washington, D. C. (Perry W. Morton, Asst. Atty. Gen., John Strickler, U. S. Atty., John F. Cotter and S. Billingsley Hill, Attys., Department of Justice, Washington, D. C., on the brief), for appellant.

Francis V. Lowden, Jr., and Ralph H. Ferrell, Jr., Richmond, Va. (T. Justin Moore and Hunton, Williams, Gay, Moore & Powell, Richmond, Va., on the brief), for appellee Virginia Electric and Power Company.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PARKER, Chief Judge.

This is another appeal in condemnation proceedings had in connection with the John H. Kerr Dam and Reservoir, a flood control project on the Roanoke River in Virginia and North Carolina. The Virginia Electric and Power Company held flowage easements over 1540 acres of land belonging to Mrs. Olive Vaughan Williams. The government filed a declaration of taking with respect to this land corresponding in all respects with the declaration of taking filed in the case of United States v. 2,648.31 Acres of Land, More or Less, in the Counties of Charlotte and Halifax, Virginia, 4 Cir., 218 F.2d 518. Mrs. Williams had agreed to convey any interest she may have had in the land to the government for the nominal consideration of one dollar. The court held that the power company was entitled to recover from the government the fee simple value of the land, which was found to be $40 per acre, and on this basis entered judgment in favor of the power company and against the government for the sum of $61,600. The government has appealed from this judgment, contending (1) that there can be no recovery against the government for rights which would have value only in connection with the development of water power on a navigable stream, and (2) that, at all events, the government is liable, not for the fee simple value of the land, but for the difference between its value with and without the servitude resulting from the easement which the government is acquiring.

On the first question thus raised, we think that the position of the government is wrong for reasons fully set forth in our opinion in United States v. Twin City Power Co., 4 Cir., 215 F.2d 592, which need not be repeated here.

On the second question, this case differs from United States v. 2,648.-31 Acres of Land, etc., supra, in that what is being taken here is the flowage easement of the power company, which was to flood permanently the entire 1540 acres of land, leaving no use of any value in the owner of the fee. The trial judge was justified, therefore, in valuing the flowage rights of the power company over the 1540 acres which were destroyed by the government's taking as being measured by the fee simple value of the land which would be thus overflowed, since the value of flowage rights is the difference between the value of the land with and without the servitude imposed by the flowage easement. The fact that under the taking by the government there would be only an intermittent flooding of some portions of the 1540 acres is immaterial, since the flowage rights of the company were rendered worthless by the government's taking and their value must be the basis of the company's compensation. To state the matter simply, the power company is entitled to compensation for its flowage right easement which

is destroyed by the government's taking. That easement was to flood completely the 1540 acres of land. The evidence is that the land which without this servitude would have a value of $40 per acre would have no value at all with the servitude imposed. It was doubtless for this reason that the owner was willing to convey her interest in the fee to the government for the nominal consideration of one dollar.

Affirmed.