**UNITED STATES of America, Appellant,**

v.

**2979.72 ACRES OF LAND, MORE OR LESS, IN HALIFAX COUNTY, VIRGINIA, Olive Vaughan Williams et al., and unknown owners, Appellees.**

No. 6839.

United States Court of Appeals Fourth Circuit.

Argued June 13, 1956.

Decided July 31, 1956.

Rehearing Denied Sept. 11, 1956.

See 237 F.2d 165.

Harold S. Harrison, Attorney, Department of Justice, Washington, D. C. (Perry W. Morton, Asst. Atty. Gen., John Strickler, U. S. Atty., Roanoke, Va., and Roger P. Marquis, Attorney, Department of Justice, Washington, D. C., on the brief), for appellant.

Ralph H. Ferrell, Jr., Richmond, Va. (T. Justin Moore, Francis V. Lowden, Jr., and Hunton, Williams, Gay, Moore & Powell, Richmond, Va., on brief), for appellees.

Before PARKER, Chief Judge, SOPER, Circuit Judge, and BRYAN, District Judge.

PARKER, Chief Judge.

This is the second hearing of an appeal by the United States in condemnation proceedings had in connection with the John H. Kerr Dam and Reservoir, a flood control project on the Roanoke River in Virginia and North Carolina. The Virginia Electric and Power Company was the owner of a flowage easement over 1540 acres of land belonging to Mrs. Olive Vaughan Williams, and the value of this easement was destroyed by the taking of flowage rights by the United States in the condemnation proceeding. We affirmed the judgment below which awarded compensation on the basis that the right to flood permanently the entire 1540 acres had been taken. We based this affirmance on the ground that the value of the power company's flowage rights was destroyed by the taking, even though there would be only an intermittent flooding of the land as a result thereof. In this connection, following our decision in United States v. Twin City Power Company, 4 Cir., 215 F.2d 592, we held against the government's contention that there could be no recovery against the government for rights which would have value only in connection with the development of water power on a navigable stream. See United States v. 2979.72 Acres of Land

etc., 4 Cir., 218 F.2d 524. The Supreme Court granted certiorari, vacated our judgment and remanded the case to us for further consideration in the light of its decision in the Twin City case, 350 U.S. 222, 76 S.Ct. 259, which reversed our decision in that case.

■ The holding of the Supreme Court in the Twin City case was that the availability of land on a navigable stream as a site for water power development could not be considered as an element of value in assessing damages on a taking by the government. Nothing in the opinion holds that compensation must not be made for other elements of value; and the case was expressly distinguished from United States v. Kansas City Life Ins. Co., 339 U.S. 799, 70 S.Ct. 885, 94 L.Ed. 1277, where, as here, "assertion of the dominant servitude in the navigable river injured property beyond the bed of the stream". See 350 U.S. at page 225, 76 S.Ct. at page 261. In taking the flowage easement over the 1540 acre tract here involved, therefore, the government must make compensation on the basis of the difference in the value of the land with and without the easement taken, on the principle that "the destruction of privately owned land by flooding is 'a taking' to the extent of the destruction caused." United States v. Kansas City Life Ins. Co., supra, 339 U.S. 799, 809–810, 70 S.Ct. 885, 890, 94 L.Ed. 1277. Availability as a site for water power development must be excluded from consideration in making this valuation; but other elements of value not related to the flow of the stream, such as its value for agricultural or grazing purposes, can properly be considered. The amount thus determined must be paid into court by the government as compensation for the taking and must be awarded by the court to those having an interest in the land in accordance with their interest. The condemnation suit is a proceeding in rem. The owners of the res are entitled to have the compensation divided among them according to their interest in the res taken. See Meadows v. United States, 4 Cir., 144 F.2d 751, 753 and cases cited; 18 Am.Jur. 872; Cullen & Vaughn Co. v. Bender Co., 122 Ohio St. 82, 170 N.E. 633, 68 A.L.R. 1332; note 69 A.L.R. 1263. As said by this court in Meadows v. United States, supra [144 F.2d 752]:

"The taking was not of the rights of designated persons in the property but of the property itself. ' * * an unqualified taking in fee by eminent domain takes all interests and as it takes the res is not called upon to specify the interests that happen to exist.' Duckett & Co. v. United States, 266 U.S. 149, 45 S.Ct. 38, 69 L.Ed. 216. The value of the property once being determined in a proper proceeding, the sum so determined stands in the place of the property and can be distributed upon the adjudication of the value of the respective interests. United States v. Dunnington, 146 U.S. 338, 13 S.Ct. 79, 36 L.Ed. 996; Monongahela Navigation Co. v. United States, 148 U.S. 312, 13 S.Ct. 622, 37 L.Ed. 463."

■ It is argued that the government should not be required to pay anything to the power company, for the reason that the flowage rights that the power company has acquired are of value only for the purposes of water power development. The answer is that the conveyance of flowage rights by the owner of the land to the power company vested in the latter the interest in the land that is being taken by the government here in the condemnation proceeding and entitles it to compensation for the taking of such interest. See United States v. Welch, 217 U.S. 333, 30 S.Ct. 527, 54 L.Ed. 787. The proposition that because the government has obtained from the owner of the fee a conveyance for which it has paid only one dollar (evidently accepted because the remaining interest in the land had no value after the conveyance of the easement to the power company), it may acquire by condemnation the right to flood the land without paying anything to the owner of the flowage easement, has nothing to commend it either in logic or

in common sense. If Mrs. Williams were the owner of the entire interest in the land, no one would contend that she would not be entitled to compensation for the condemnation of flowage rights by the government. Where these flowage rights have been conveyed to another, there is no reason in law, in equity, in good conscience or in common honesty why the compensation to which she would otherwise have been entitled should not be paid to the one to whom such rights have been conveyed. The taking for which the government must make compensation here has damaged no one except the power company which had acquired the easement to flood the land; and, as owner of that easement, it is entitled to receive the compensation awarded for such taking.

The power company argues that since availability for water power development was not considered by the court below in making its valuation, its judgment should be affirmed. This, however, overlooks the fact that the court made its valuation on the basis of the entire tract being taken for the purpose of permanent flooding, whereas the easement taken by the government was to flood only such portions of the land permanently or intermittently as would be necessitated by the John H. Kerr dam and reservoir; and this would not destroy the entire value of the land for agriculture or grazing purposes. See United States v. 2648.31 Acres of Land etc., 4 Cir., 218 F.2d 518. An element of confusion is introduced because the power company acquired from the owner of the land the right to flood the entire tract permanently; but this is not the right which the government is taking. The conveyance by the owner to the power company is of significance only as transferring to the latter the right to the compensation awarded for the flowage rights condemned by the government.

For the reasons stated, the judgment appealed from will be vacated and the case will be remanded to the court below with direction to award to the power company as compensation for the taking of the easement condemned the difference between the value of the land with and without the servitude of the easement, excluding from the valuation in both instances any element of value arising from the availability of the land for water power purposes due to its being situate on a navigable stream.

Judgment vacated and case remanded with directions.