238 F.2d 229
 UNITED STATES of America, Appellant and Cross-Appellee,
v.
Samuel S. HOLMES and Eleanor Holmes, owners of Tract No.
KK-3621E; A. E. Nichols, owner of Tract No.
NN-3918E and Flournoy X. Barksdale,
owner of Tract No. NN-3939E,
Appellees and
Cross-Appellants.
 No. 7264.
 United States Court of Appeals Fourth Circuit.
 Argued Oct. 17, 1956.
Decided Nov. 7, 1956.
 
 Fred W. Smith, Atty., Dept. of Justice, Washington, D.C. (Perry W. Morton, Asst. Atty. Gen., John Strickler, U.S. Atty., Roanoke, Va., S. Billingsley Hill and Roger P. Marquis, Attys., Dept. of Justice, Washington, D.C., on brief), for appellant and cross-appellee.
 Francis V. Lowden, Jr., Richmond, Va., and James S. Easley, So. Boston, Va. (Hunton, Williams, Gay, Moore & Powell; Ralph H. Ferrell, Jr., Richmond, Va., and Easley & Vaughan, So. Boston, Va., on brief), for appellees and cross-appellant.
 Before PARKER, Chief Judge, and SOPER and FAHY, Circuit Judges.
 PARKER, Chief Judge.
 
 
 1
 This is an appeal and a cross appeal from the judgment entered after trial upon remand in the condemnation case which was before us in United States v. 2,648.31 Acres of Land, 4 Cir., 218 F.2d 518. On the prior appeal we pointed out that only a flowage easement was being taken by the United States, that this easement was taken with respect to a particular dam with reservation on the part of the owners of the land to make such use of it as would not interfere with the flowage rights acquired and that the measure of damages for the taking was not the value of the land affected but the decrease in the value thereof due to the taking of the flowage easement. Upon the remand the trial judge permitted the declaration of taking to be amended so as to describe more clearly the nature of the flowage easement which was being taken and which was in accord with the description thereof set forth in the original declaration of taking when read in the light of the report of the district engineer calling for a power pool elevation of 300 feet. See 218 F.2d 520. The case was carefully tried in accordance with the principles laid down in our prior opinion before a jury, which viewed the lands in question and heard evidence at length as to the structure and operation of the dam, the backing of water thereform upon the lands in question and the resulting damage to the value of the lands, and returned a verdict fixing damages. No error is alleged with respect to the charge of the court or the admission or rejection of testimony.
 
 
 2
 The landowners, in their appeal, complain of the order allowing the amendment of the declaration of taking. We do not think that any amendment of the declaration of taking was necessary, but it did serve to make more definite and certain, and a matter of record, that the flowage easement which the government was taking was such as arose from flood waters which caused the level of the power pool to rise above a maximum elevation of 300 feet. The effect of this was not to acquire a lesser estate than that acquired by the original declaration, but to make more definite what was being acquired, so that the rights of landowners would be protected in case of future change in the elevation of the pool or operation of the dam.
 
 
 3
 The government in its appeal complains of the inclusion in the judgment of the following provisions:
 
 
 4
 'It is further ordered, That whenever flood waters may cause the level of the reservoir to be raised above the maximum power pool elevation 300 m.s.l., the Kerr Dam shall discharge reservoir water until the water level again reaches 300 m.s.l., in accordance with 'Emergency Operation Chart, Office of the District Engineer, Norfolk, Va., October 1953, File B8.2 (RR 179), Reservior Regulation Manual Plate A-37', a copy of which is attached to and made a part of this judgment; and the Government shall maintain records at the dam to show compliance herewith, such records to be open for inspection at any time by the owners of these tracts, or their successors in title and the said owners of the aforesaid tracts (and their successors in title) shall not be foreclosed from asserting any claim for damages that may result to them if there is greater flooding of their tracts by reason of the failure to comply with the schedule of water release aforesaid.'
 
 
 5
 In our opinion remanding the case we had said (218 F.2d 524):
 
 
 6
 'The meaning of the language of the declaration is under attack but whatever ambiguity exists will be made perfectly clear by the evidence offered by the government which may be considered for this purpose on the remand of the case, and thereby the extent of the right to flood, which is being acquired (by) the government, will be definitely fixed. This should be made clear also in the judgment so that there may be no question as to the landowner's right to recover if, in the future, there is greater flooding as the result of changes in the structure or the operation of the dam.'
 
 
 7
 The provision complained of in the judgment was entered in an effort to comply with this direction. We think, however, that the terms of the provision, bound as it is to the emergency operation chart, are too rigid and unduly limit the operation of the dam, which must necessarily rest in the discretion of those having such operation in charge. That flood conditions will necessitate variations in its operation from time to time was covered by the testimony and was doubtless considered by the jury in its award of damages. Only when the structure or operation of the dam is so changed as to result in greater flooding of the lands would there be the taking of an additional flowage easement; and only in such case would the landowners have the right to recover additional damages. We think that their rights will be adequately protected by a provision in the judgment to the effect that the right of landowners to recover additional damages will not be precluded 'if, in the future,' to use the language of our prior opinion, 'there is greater flooding as the result of changes in the structure or the operation of the dam.'
 
 
 8
 The judgment appealed from will accordingly be modified by striking therefrom the language heretofore quoted and substituting in lieu thereof the following:
 
 
 9
 'It is further ordered that, if as a result of future changes in the structure or operation of the dam there shall be a greater flooding of the tracts of land here involved than is caused by its present structure and operation, the owners of such tracts, or their successors in title, shall not be precluded by this judgment from recovering damages on account of such increased flooding.'
 
 
 10
 As so modified, the judgment appealed from will be affirmed.
 
 
 11
 Modified and affirmed.