(No. 18805.—

JAMES H. HOOPER, Plaintiff in Error, *vs.* L. M. FINLAY *et al.* Defendants in Error.

*Opinion filed June 23, 1928.*

HAROLD O. MULKS, for plaintiff in error.

ELMER J. SCHNACKENBERG, (WILLIAM J. CORRIGAN, of counsel,) for defendant in error the South Park Commissioners.

Mr. JUSTICE STONE delivered the opinion of the court:

Plaintiff in error filed a suit in ejectment against the defendants in error, L. M. Finlay and the South Park Commissioners, to obtain possession of the east thirty-two feet of lot 1 in Linden Grove subdivision, in the city of Chicago. The South Park Commissioners filed a plea setting up that they had filed in the circuit court of Cook county a petition to condemn said land for public use; that the plaintiff in error's grantors were made defendants to the petition and were served with summons prior to the date on which plaintiff in error acquired his interest and that the cause proceeded to judgment, by means of which the park commissioners became the owners of the property. Plaintiff in error filed an affidavit setting out that the common source of title was Caroline E. Avent. The cause was heard without a jury. The court entered finding and judgment for the defendants.

The evidence showed that Caroline E. Avent received a deed to the property involved from Richard Avent, dated

January 1, 1921; that on June 29, 1922, she conveyed the same by warranty deed to George H. Spies; that on May 18, 1923, a judgment was entered in the circuit court of Cook county against Mrs. Avent in favor of Leo M. Apgar; that on July 3, 1923, the South Park Commissioners filed a petition in the circuit court of Cook county to condemn certain property, including the property in question, for public use; that Mrs. Avent was in possession of the property, and she and Spies were made parties defendant to the petition and filed their appearance in said proceeding; that the cause proceeded to judgment on July 17, 1925; that on July 18, 1925, the park commissioners filed in said proceedings a petition reciting that they had deposited with the county treasurer of Cook county, for the benefit of the owners, lessees, tenants, occupants or parties interested in the property, the sum of $10,500, the same being the amount awarded as compensation for the taking of property, and that on that day the court entered an order granting leave to the commissioners to take possession of the property, which they did. On September 24, 1924, a writ of execution was issued on Apgar's judgment and delivered to the sheriff of Cook county. The sheriff on October 21, 1924, levied on the interest of Mrs. Avent in the property in this case and by virtue of said levy sold it. There being no redemption a sheriff's deed was issued to Bertha F. Hooper, conveying all right, title and interest of Mrs. Avent in and to the real estate in question. She in turn conveyed the same by quit-claim deed to plaintiff in error.

Caroline E. Avent testified for plaintiff in error that on July 29, 1922, she conveyed the property to Spies without consideration; that Spies had turned over to her five bonds of the Lake Street Elevated Railroad Company of the face value of $1000 each, which were worth approximately $330 each; that she used these bonds as collateral, and that Spies had agreed that she was to return them to him and get back her deed to the property; that the bonds were lost

and she had never re-paid Spies, but that she, with her aunt and niece, had lived in the property for seven years prior to the hearing on the petition for condemnation; that while the condemnation proceedings were pending she conferred with the park commissioners as to the price they would be willing to pay for the property. She testified that she then stated that while Spies claimed he was the owner, he was to give her all over and above what he had in the property; that before the money was paid out she gave Spies another quit-claim deed to the property.

George H. Spies, called by plaintiff in error, testified that he had paid Caroline E. Avent $135 for her equity in the property; that this was all the property was worth over the three mortgages against it; that he had no understanding with her to re-convey the property when she paid her indebtedness to him, but had told her that if she could sell the property it was all right with him; that the bonds which he let her have had nothing to do with the transfer of the property, and that she was to pay rent at $65 per month for the property but had paid nothing so far. Plaintiff in error also put on the witness stand an attorney by the name of Weinstein, who testified that he had signed Spies' name to an agreement to the effect that he would deed back the property to Mrs. Avent on the payment to him of $5500. His authority for so doing was denied by Spies. On motion of defendants in error the testimony of Mrs. Avent, Spies and Weinstein was excluded. The court found the issues for defendants and entered judgment accordingly.

Plaintiff in error contends that Apgar, as judgment creditor, had a lien on the property and was a necessary party to the condemnation proceedings, and not having been made such, his lien remained unaffected by the judgment in the condemnation suit, and that as plaintiff in error's rights were based on Apgar's lien, which later ripened into a sheriff's deed, plaintiff in error's ownership of the property was not affected by the condemnation proceedings. It is also

contended that the deed from Caroline E. Avent to Spies, though absolute in form, was intended as a mortgage, and that the mortgagor's interest was subject to levy and sale by virtue of a judgment against her; that Mrs. Avent being in possession of the premises, her occupancy was notice to the world of her rights and interest in the property, and defendants in error also had actual notice of her rights and interest. It is also contended that the deposit of $10,500 by the park commissioners with the county treasurer in the condemnation case constituted a payment and discharge of the mortgage of Spies, and the fee therefore vested in Mrs. Avent, and plaintiff in error is successor to her interest. It is further contended that the court erred in striking the testimony of Mrs. Avent, Spies and Weinstein.

The record shows that at the time of the filing of the petition for condemnation the title to the property stood in the name of George H. Spies under a warranty deed from Caroline E. Avent to him. The record did not reveal that Mrs. Avent had any interest whatever in the property, if any she had. Section 2 of the Eminent Domain act (Smith's Stat. 1927, p. 1288,) provides that there shall be filed with the clerk of the court "a petition, setting forth, by reference, his or their authority in the premises, the purpose for which said property is sought to be taken or damaged, a description of the property, the names of all persons interested therein as owners or otherwise, as appearing of record."

The petition for condemnation was filed July 3, 1923. Apgar's judgment was secured against Mrs. Avent on May 18, 1923. She had on June 9, 1922, conveyed the property by warranty deed to Spies. The record does not show that an execution was issued upon Apgar's judgment during the year following May 18. It does show that on September 24, 1924, some sixteen months thereafter, an execution was issued on which a levy was made on the following October 21, and a sale of the property was thereafter had.

Section 1 of the act on judgments, decrees and executions provides that a judgment shall be a lien upon real estate of the judgment debtor situated within the county in which the judgment is secured, for a period of seven years and no longer, but when an execution is not issued on a judgment within one year from the time the same becomes a lien it shall thereafter cease to be a lien, but execution may issue upon such judgment at any time within said seven years, and shall become a lien on such real estate from the time it shall be delivered to the sheriff or other proper officer to be executed. On the expiration of the year after the judgment in this case, or on May 18, 1924, the lien of the judgment expired, and while the petition for condemnation was filed during the first year of the judgment and Apgar was not made a party defendant thereto, his right to be made such party, if he had any, expired with the expiration of the lien of his judgment. Thereafter his judgment was not a lien on any property until the execution was placed in the hands of the sheriff or other officer. The lien upon which plaintiff in error bases his claim did not come into existence until fourteen months after the petition for condemnation was filed and four months after the lien of Apgar had expired.

Defendants in error contend that a judgment creditor is not a necessary party to a petition for condemnation, and in support of this contention cite the case of *Watson* v. *New York Central Railroad Co.* 47 N. Y. 157, and other cases based on that decision. Whether a judgment creditor is a necessary party to a condemnation proceeding in Illinois depends upon the construction of the statute of this State. The statute of the State of New York in force at the time the *Watson case* was heard, provided that parties to condemnation proceedings should be the owners of the land. A later statute provided that such petition should make parties defendant all persons interested as owners, tenants, lessees or incumbrancers. That statute does not require

that a party interested in the land in any other manner than there specified be made a party defendant. The statute of New York differs somewhat from the Illinois statute on this question, and therefore that case is not controlling here. The right of eminent domain is a statutory right. The statute in this State, as we have seen, requires that the petition contain the names of all persons interested in the premises "as owners or otherwise, as appearing of record." Apgar's judgment was secured on May 18, 1923. The petition for condemnation was filed July 3, 1923, or within the year during which Apgar's judgment was a lien upon any real estate of the judgment debtor situated in the county in which the judgment was secured. Had Apgar's judgment appeared of record as a lien against this property when the condemnation petition was filed, it would have been necessary that he be made a party defendant thereto as one having an interest in the property. We have seen, however, that the title to the property stood in the name of Spies by warranty deed to him from Mrs. Avent. The judgment was against her. The deed antedated the judgment by nearly a year. There was nothing of record to show that she had any interest in the land, and therefore nothing of record to show that her judgment creditor had any such interest. The condemnation proceedings complied with the statute. Apgar was not a necessary party defendant.

Plaintiff in error contends that the court erred in striking out the evidence by which he sought to show that the deed from Caroline E. Avent to Spies was, in fact, a mortgage, and that she had an interest in the land to which the judgment lien attached. Whatever may be plaintiff in error's right to make such proof in an action in equity to protect his lien in the distribution of the fund created by the compensation paid, this action is one at law and deals only with legal remedies. The court did not err in striking the testimony.

Plaintiff in error argues that it was incumbent on defendants in error to show that no execution issued on Apgar's judgment during the year following the entry thereof. This is a misconception of the law. A plaintiff in ejectment must recover, if at all, on the strength of his own title and not the weakness of the defendant's title. (*Allott* v. *Wilmington Light and Power Co.* 288 Ill. 541; *Phelps* v. *Nazworthy,* 226 id. 254.) So far as shown by this record, no execution was issued on Apgar's judgment for sixteen months after its entry. When the judgment lien upon which plaintiff in error bases his claim came into existence the condemnation proceedings were pending, and his rights were therefore subject to the rights of the petitioner. His lien, if he had one, accrued after the commencement of the condemnation proceedings. If he had any rights thereunder he acquired them *pendente lite.* (*Eddleman* v. *Union County Traction Co.* 217 Ill. 409.) His lien, if he had one affecting this property, having come into existence after the condemnation petition was filed, did not entitle him to a sheriff's sale of and deed to the property. The eminent domain statute permits park commissioners to take private property for public use upon paying compensation therefor, and the compensation money is deemed a substitute for the property, and the mortgagee or other lienholder has an equitable lien on the fund to the extent of his claim. *City of Chicago* v. *Gage,* 268 Ill. 232; *Union Mutual Life Ins. Co.* v. *Chicago and Western Indiana Railroad Co.* 146 id. 320; *Calumet River Railway Co.* v. *Brown,* 136 id. 322; *Union Mutual Life Ins. Co.* v. *Slee,* 123 id. 57.

Plaintiff in error failed to show sufficient title to support an action in ejectment, and the superior court did not err in entering judgment against him.

The judgment of the superior court is therefore affirmed.

*Judgment affirmed.*