## PHILLIPS v. UNITED STATES.

### No. 8651.

Circuit Court of Appeals, Seventh Circuit.

Oct. 17, 1945.

As Amended on Denial of Rehearing Nov. 26, 1945.

Norman M. Littell, J. Edward Williams, Vernon L. Wilkinson, Roger P. Marquis, and Ralph S. Boyd, Department of Justice, all of Washington, D. C., and J. Albert Woll and Clarence W. Beatty, Jr., both of Chicago, Ill., for appellant.

Thomas C. Donovan and Charles E. Loy, both of Chicago, Ill. (Samuel K. Markman and John P. Sullivan, both of Chicago, Ill., of counsel), for appellee.

Before SPARKS, MAJOR, and KERNER, Circuit Judges.

KERNER, Circuit Judge.

This appeal involves an action brought under the Tucker Act, 28 U.S.C.A. § 41 (20), to recover the value of plaintiff's alleged oral lease of certain farm lands. The court tried the case without a jury, found the issues against the defendant, assessed the damages at $1,000 and entered judgment thereon, from which defendant appealed.

It appears that Michael and Maria Riley owned a farm in Will County, Illinois, and that on May 28, 1941, for the purpose of condemning the farm for military purposes, the United States Government filed a petition in which the Rileys were named defendants. A jury found the just compensation for the land and judgment was entered on the verdict. The judgment was satisfied by the payment of $26,000 into the registry of the court. After the $26,000 was deposited the Rileys petitioned the court for distribution of the funds. In their petition they asserted that there were no liens against the property; that they

were the sole owners of the land; and that they were entitled to receive all of the money deposited. The court ordered payment of the $26,000 to the Rileys.

On December 23, 1942, five months after the $26,000 had been paid to the Rileys, plaintiff filed his complaint in this case, alleging that by an oral agreement with the Rileys he had leased the land; that the lease commenced March 1, 1941, and ran for one year; that defendant commenced an eminent domain proceeding to condemn the land—to which Phillips was not made a party defendant—and filed the declaration of taking; and that he was dispossessed and prevented from farming the land. Defendant pleaded the condemnation proceedings and judgment in bar.

At the trial plaintiff testified that he had leased the land by an oral agreement from March 1, 1941, to February 28, 1942; that by the agreement Riley was to bear half of the costs of seed and other similar items in return for half of the crops produced; that he had not lived upon the land nor had he farmed the land in 1941, but that in the fall of 1940 he had plowed 50 acres for corn and had spread 25 or 30 loads of fertilizer.

It also appears that in the course of the condemnation proceedings defendant had had the title to the land examined and an inspection made of the land to ascertain the names of all persons in possession in order that such parties, if any, could be made defendants and that the inspection disclosed that the only persons in possession of the land were the Rileys, the record owners of the land. The record further discloses that in the condemnation proceeding plaintiff testified as a witness for the Rileys and that before the award had been disbursed he had been advised to intervene in the proceedings and assert any claim he might have in the land or in the fund deposited.

Section 2 of the Eminent Domain Act, Ill.Rev.St.1943, c. 47, provides that a petition filed under the Act shall set forth "a description of the property, the names of all persons interested therein as owners or otherwise, as appearing of record * * *."

Defendant complied with and proceeded according to the provisions of the Act, but plaintiff contends that he had a lien on the lands and was a necessary party to the condemnation proceedings, and that since he was not a party defendant, the condemnation proceedings, as to him, were a nullity.

■ Concededly, as a general rule, one who has an interest in property about to be condemned and who is not made a party defendant is not affected by the proceeding and loses no rights thereby, but that rule is not applicable here, since the plaintiff did not have such possession of the lands as would give notice of any rights he might have had in the property, nor did the title record in the recorder's office reveal that plaintiff had any interest whatever in the lands in question.

■ The only interest of the United States in the condemnation proceedings was the payment into court of the value of the whole property, United States v. Dunnington, 146 U.S. 338, 13 S.Ct. 79, 36 L.Ed. 996; United States v. 150.29 Acres of Land in Milwaukee County, 7 Cir. 135 F.2d 878; Meadows v. United States, 4 Cir., 144 F.2d 751, and the award stands in place of the property taken and includes all interests in the property, Yellow Cab Co. v. Howard, 243 Ill.App. 263, 276, and in procedural matters it is enough if conformance is according to the law of the state in which the property condemned is located, 40 U.S.C.A. § 258.

■ In our case there is no claim, nor has the plaintiff proved that defendant had actual knowledge of plaintiff's alleged lease, neither did the evidence disclose notice of such facts as would put a prudent man on inquiry; in fact, plaintiff did not have such possession of the property as would give notice of any rights he might have in the property, Roderick v. McMeekin, 204 Ill. 625, 68 N.E. 473, and Cessna v. Hulce, 322 Ill. 589, 153 N.E. 679. An inspection of the premises disclosed that the only persons occupying and in possession of the land were the Rileys. Under this state of the record the United States, in the condemnation proceedings, having conformed to Illinois law, was discharged of further liability when it paid into the registry of the court the value of the lands, United States v. Dunnington, supra, and Hooper v. Finlay, 331 Ill. 132, 162 N.E. 202.

The judgment of the District Court will be reversed and the case remanded with directions to dismiss the complaint. It is so ordered.