**NICHOLSON v. WEAVER et al.**

**No. 12779.**

United States Court of Appeals Ninth Circuit.

Feb. 27, 1952.

Rehearing Denied March 31, 1952.

Zeutzius & Steffes, Los Angeles, Cal., Dickerson and Dickerson, Las Vegas, Nev., for appellant.

Harry H. Austin, Las Vegas, Nev., for appellees.

Before STEPHENS and BONE, Circuit Judges, and McCORMICK, District Judge.

McCORMICK, District Judge.

Arthur H. Nicholson, a defendant in a condemnation action brought by the United States in the District Court for the District of Nevada, appeals from an "Order and Judgment" entered in such action on July 29, 1950, whereby he was denied any share in the award made in the action.

The judgment ordered that an entire award of $7000. for property taken and designated in the complaint as Parcel Eight be paid to Celia Weaver, also a defendant in the action, less $300. of such award which the court directed to be paid to Nicholson because, as the trial judge observed, Nicholson's "efforts and the efforts of his attorney contributed to the jury's verdict fixing compensation for the land here involved in the sum of $7000." The record clearly shows that the $300. allowed was not to be paid as a share of the award.

As the instant problem in the District Court and in this court relates solely to the distribution of the fund provided by the Government to pay the award of the jury for the acquisition of the "full fee simple title" to Parcel Eight, the dispute in suit is one entirely between appellant Nicholson and appellee Celia Weaver as to their rights to share in the award according to their respective interests in Parcel Eight when it was taken in eminent domain on October 16, 1944. Swanson v. United States, 9 Cir., 156 F.2d 442, 170 A.L.R. 258; Carlock v. United States, 60 App.D.C. 314, 53 F.2d 926; Phillips v. United States, 7 Cir., 151 F.2d 645.

The record reveals the following chronology of events material and essential to the consideration and determination of this appeal:

On November 29, 1921, Celia Weaver acquired Parcel Eight by patent issued to her by the United States, and recorded on June 18, 1924, in the Office of the County Recorder of Clark County, Nevada.

On October 30, 1935, Celia Weaver entered into a written lease with one Jesse D. Thomas, of Searchlight, Nevada, whereby she leased such land to him for a ten-year period commencing April 8, 1936, at a rental of $75.00 per year. The lease further provided that Thomas should have the right to purchase the property at any time during the term of the lease for the sum of $4000., and that all sums theretofore paid by lessee to lessor should be deducted from the purchase price of $4000., and considered by lessor as payments on said purchase price. The lessor also agreed

not to sell the property during the term of the lease to any person except the lessee, and the lease also had the usual extension and binding clause upon the assigns of the parties that is generally found in such instruments. The lease was recorded on October 30, 1935, in the Office of the County Recorder of Clark County, Nevada.

Thomas died at some time prior to June 1, 1938, and during June, 1938, appellant Arthur H. Nicholson acquired all of the Thomas right, title and interest in and to said lease and option by written assignment from J. N. Thomas and Mildred Brodie, who claimed to be all the heirs at law of said Jesse D. Thomas, deceased. Celia Weaver gave her consent in writing to the assignment, but neither the assignment nor consent were recorded.

On October 16, 1944, when the property was taken by the United States as plaintiff in the condemnation action, the following status existed:

All the annual rental payments due under the terms of the lease had been paid to Celia Weaver. Certain improvements made upon the land had been made by appellee Celia Weaver and others by appellant Nicholson.

Although the bill of complaint in condemnation and the declaration of taking, with an accompanying deposit in the registry of $3629.60 as estimated value of the property taken, by which the "full fee simple title" to Parcel Eight was acquired by the United States, were filed on October 16, 1944, summons was issued on August 24, 1945.

Celia Weaver was served with a copy of the summons and complaint in Las Vegas, Nevada, on September 20, 1945. Her default in the action was entered on May 28, 1949, upon her failure to appear and answer within the time allowed by law.

Arthur H. Nicholson, the appellant herein, appeared and filed his answer on January 30, 1946. In his answer appellant averred Celia Weaver to be the owner of Parcel Eight and that he had an interest therein consisting of an operative leasehold and option to acquire such land and he alleged the value of the property to be $9500.,

and prayed that he have judgment in that amount against the United States as plaintiff.

A jury trial was had and the jury assessed the actual and market value of the property, to-wit, Parcel Eight, in entirety, at $7000. Judgment thereon was entered on June 2, 1949.

On September 22, 1949, Celia Weaver filed a "Notice of Motion for an Order directing Payment of entire Award of Parcel No. Eight to defendant Celia Weaver" with her supporting affidavit and annexed exhibits. Proper service thereof had previously been made on appellant Nicholson. On October 26, 1949, a hearing was had on said motion. Pursuant to appellant's written "Notice of Motion for the Fixing of the Time Certain and Place for Hearing for the Determination of the Value of the Leasehold Interest of Arthur H. Nicholson in and to Parcel No. Eight," an order was entered on December 16, 1949, "that the motion of Arthur H. Nicholson for the determination of the value of the leasehold interest of Arthur H. Nicholson in and to Parcel No. Eight" be set for hearing on January 17, 1950, at Las Vegas, Nevada.

On January 17, 1950, both parties appeared with counsel, and an order was made re-opening the hearing on Celia Weaver's motion which had been heard on October 26, 1949, so that Celia Weaver's motion could be heard further with that of appellant Nicholson.

At the hearing testimony was introduced on behalf of the respective movants and the case was taken under advisement by the court.

Pursuant to a written stipulation dated January 23, 1950, by each movant and concurred in by a special assistant United States Attorney who represented the Government in the condemnation proceedings, and without prejudice to either of the movants regarding the pending claim of each movant to the balance of payments to be made for Parcel Eight, the District Court ordered that $3250. be paid to Celia Weaver forthwith out of the money on deposit in the registry of the District Court. The money was paid to her for which a receipt was given.

On July 28, 1950, the order and judgment in favor of appellee Celia Weaver and against appellant Arthur H. Nicholson was entered. This appeal, as we have earlier stated, is from that order and judgment.

■ · At the hearing of the two motions presented for the determination by the court of the respective interests and shares of Celia Weaver and of Arthur H. Nicholson in the balance of the award after the payment of $3250. to Celia Weaver under the stipulation of January 23, 1950, Nicholson unsuccessfully sought to establish an oral agreement between himself and Mrs. Weaver to the effect that he would at his own cost and expense present a defense in the trial of the action and that any award made should go first to Celia Weaver to the extent of the option sale price and the remainder, if any, of such award to himself for work, labor and services rendered. We think, however, that the failure to prove such an arrangement did not and does not operate to exclude Nicholson as the owner of an existing compensable leasehold-option in Parcel Eight when it was taken from him on October 16, 1944. This private property right, *per se*, was inherently before the court to be judicially evaluated. A. W. Duckett & Co., Inc. v. United States, 266 U.S. 149, 45 S.Ct. 38, 69 L.Ed. 216; Swanson v. United States, supra; Adams v. Smith, 19 Nev. 259, 9 P. 337, 10 P. 353.

A chief factor in evaluating Nicholson's interest at the time of its taking by the Government was his existent sole and exclusive right under the express terms of the lease to purchase Parcel Eight for $4000. at the very time that it had a market value of $7000., as authoritatively found and fixed by the jury in the condemnation action. This right became vested on October 16, 1944, and remains intact as a compensable interest in the fund provided as compensation for the taking of Parcel Eight and all interests therein.

■ When the lease containing the option to purchase covenant was taken by the Government it still had about eighteen months to run before all contractual rights and obligations between the lessor and lessee thereunder terminated. The action of the condemnor did not abrogate such rights. It operated to transfer the potency of them from Parcel Eight to the compensatory fund or award. Phillips v. United States, 7 Cir., 151 F.2d 645; Eagle Lake Improvement Co. v. United States, 5 Cir., 160 F.2d 182.

In other words, the doctrine of equitable assignment applied. 23 Tracts of Land, etc. v. United States, 6 Cir., 177 F.2d 967.

It is significant in appraising the rights of Mrs. Weaver and Nicholson to have in mind their transactions with each other in relation to the lease and option after Parcel Eight was acquired by the United States. The record indisputably shows that the last two rental payments of $75.00 each under the lease-option agreement were made by Nicholson and received and accepted by Mrs. Weaver without murmur or complaint of any character or any expression of an idea or thought that the pecuniary features of their contractual relations under the lease-option as specified therein had expired.

■ Thus it appears that the practical interpretation of the lease-option by the two obligees evinces joint sharing interests of both Nicholson and Mrs. Weaver in the award.

We think the action of the District Court in denying Nicholson any share whatever in the award in the light of the extended and preferential option provisions of the lease which was taken by condemnation can not be said to put him in as good position pecuniarily as he would have occupied if his property had not been taken on October 16, 1944, as is required by the rule established by the Supreme Court in United States v. Miller, 317 U.S. 369, 63 S.Ct. 276, 87 L.Ed 336. However, as to Mrs. Weaver, the judgment under consideration enables her to keep what she pecuniarily bargained for in the lease-option agreement, which is of course her compensatory right in equity, but it also decrees her right to enrichment in an additional sum of $3450. We are impelled under the record before us to reject such a conclusion.

The order and judgment entered July 29, 1950, is reversed with directions to the

District Court to order the payment of the balance of $3750. remaining on deposit in the registry of the court to appellant Arthur H. Nicholson. The District Court will collect from Arthur H. Nicholson any costs which have accrued as the result of the prosecution of the appeal in *forma pauperis.*