"This is an inverse condemnation case in which the plaintiffs (administrators and trustees) claim that the estates and persons they represent (which we shall call the Foller and Rohleder interests) were in fact the only owners of a piece of property (in the District of Columbia) condemned by the Federal Government, but through the Government’s wrong failed to receive the full award made by the District Court for the District of Columbia; instead, half of the award was given and paid, allegedly wrongfully, to two other claimants. Plaintiffs say that these claimants (charities) were not entitled to any of the award but that all of it should have gone to plaintiffs on behalf of the Foller and Rohleder interests.
"Since the case must be litigated further and all we have now before us is the petition (plus exhibits) and the defendant’s motion to dismiss, it is both unnecessary and *1027 inappropriate to set out the presumed facts in any detail. Suffice it to say that, pursuant to Fed. R. Civ. P. 71A(d)(3)(ii), the Government, which purported not to have the identities and addresses of the Foller and Rohleder interests made general service by publication on 'Unknown Owners’, as well as specific service on the two charities. The charities appeared and claimed half of the award (which they received), but neither the plaintiffs nor the Foller or Rohleder interests appeared. However, about two years after the final condemnation judgment, plaintiffs twice moved the District Court (in the condemnation suit) to set aside the prior distribution order and to direct the two charities to pay back their shares of the award previously granted by the District Court. The District Court denied the motions to reopen and the Court of Appeals for the District of Columbia Circuit affirmed by memorandum order. The Supreme Court denied certiorari.[1]
"In the present case plaintiffs sue the United States under 28 U.S.C. § 1491 for the half of the award paid to the charities on the ground that the Government did not make 'a reasonably diligent search of the records’ under Fed. R. Civ. P. 71A(c)(2), so as to discover and ascertain that the Rohleder and Foller interests owned all of the condemned property and were entitled to the entire award (to the exclusion of the charities).[2]
"Defendant moves to dismiss the petition primarily on the ground that the decisions within the D.C. Circuit refusing to reopen the condemnation suit bar, by res judicata or collateral estoppel, maintenance of the present *1028 action. In support of its motion the Government points out that the District Court, in its decision on the first motion to reopen, said that 'prior to the just compensation proceeding full and adequate notice to all "unknown owners” was given by püblication. Fed. R. Civ. P. 71A(d)(3) (ii). There was also actual notice to many of the Foller and Rohleder heirs. None responded. * * * No basis exists for reopening a final judgment where movants had ample notice, slept on their rights for more than a year and failed to present any evidence of extrinsic fraud.’ This is said to be a square determination that plaintiffs (and the Foller and Rohleder interests) had full notice of the condemnation proceedings and therefore that the Government must be held to have made 'a reasonably diligent search of the records.’
"The difficulty with this position (as defendant candidly recognizes in its motion to dismiss) is that that District Court went immediately on to add: 'Assuming the Government failed to make a "reasonably diligent search of the records” as required by Fed. R. Civ. P. 71A(c)(2) a separate independent action for just compensation may lie against the United States in the Court of Claims [citing some of the authorities referred to in note 2, supra], but that issue is not before this Court.’ The Court of Appeals affirmed because it found no abuse of discretion by the District Court, but it specifically added: 'We express no opinion on whether appellants [plaintiffs here] may press their claim in a suit under the Tucker Act * * *.’
"On the basis of their memoranda, we cannot conclude that the District of Columbia federal courts determined anything at all with respect to 'a reasonably diligent search of the records’ by the Government under Fed. R. Civ. P. 71A(c)(2). We are not convinced that the District Court decided anything more than that due notice was given by publication to 'Unknown Owners’ under Fed.R. Civ.P. 71A(d)(3)(ii). It may be, however, that though due notice is given to 'Unknown Owners’ by publication under the latter requirements, the'United States could still be liable under the Tucker Act for failing to make the diligent record search which would have specifically revealed the Foller and Rohleder interests as having or claiming a definite interest in the condemned property and therefore as *1029 entitled to personal service (not merely service by publication) under Fed. R. Civ. P. 71A (d)(3)(i). Rule 71A makes a sharp distinction between persons whose names are learned through a reasonably diligent record search, and 'Unknown Owners’ who may be served by general publication. That distinction may conceivably ground a claim under the Tucker Act. Although the District of Columbia courts decided that proper notice by publication was given to 'Unknown Owners’, they did not determine — as best as we can make out — that a reasonably diligent record search was actually made by the Government in this instance. Accordingly, we reject the defense of res judicata/collateral estoppel based on the holdings of the District of Columbia federal courts.[3]
"There remains the legal issue of whether an inverse condemnation claim may be maintained here on the theory that the Government failed to make 'a reasonably diligent search of the records’ so as to discover the Foller and Rohleder interests. See the materials cited in note 2, supra. Neither party has adequately briefed that question and we refuse to decide it without a more thorough, detailed and careful presentation. Nor can we decide on the present motion (which is based on the defense of former adjudication) the issue of whether the Government in fact made a reasonably diligent search of the records (or whether all the Rohleder and Foller interests had adequate advance actual notice). Our denial of defendant’s current motion to dismiss will be without prejudice to the filing by either or both parties, if they so desire, of motions for summary judgment raising the questions of whether (i) an inverse condemnation claim in this court can be grounded on a failure by the Government to make a reasonably diligent search of the records under Rule 71A (c)(2), and/or (2) in this particular case the Government did or did not in fact make such a search (or whether the plaintiffs’ interests nevertheless had proper actual notice).
*1030 "it is therefore ordered and concluded, without oral argument,[4] that defendant’s motion to dismiss is denied without prejudice to motions for summary judgment, as stated above, and the case is returned to the Trial Division.”

 The District Court did allow the Foller and Rohleder interests to receive the one-half of the award which had not been distributed to the charities.
Suit has also been brought, thus far unsuccessfully, in the Superior Court of the District of Columbia against the charities to compel them to repay the portion of the award they received. That adverse ruling is now on appeal to the Court of Appeals for the District of Columbia.

 For some discussion bearing on the possibility of such a claim under the Tucker Act for inverse condemnation, see 12 Wright and Miller, Federal Practice and Procedure (1973) § 3045 at 103; United States v. 22,680 Acres of Land in Kleberg Co., Tex., 438 F.2d 75, 77-78 (5th Cir. 1971); Philips v. United States, 151 F.2d 645, 646 (7th Cir. 1945); United States v. Certain Parcels of Land in Prince George's County, 40 F. Supp. 436, 443-44 (D. Md. 1941); United States v. 758.72 Acres of Land, 24 F.R.D. 271,276 (W.D. Ark. 1959).

 Defendant also tries to use the determination of the D.C. Superior Court (supra, note 1) in the same way, but the issues before that court were quite distinct from those involved in the present suit, let alone the fact that the defendants in the two actions are quite different.

 Plaintiffs have asked for oral argument but in the circumstances the court deems it unnecessary at the present stage.